CHARLES A. F. MORRIS *vs.* ST. PAUL & CHICAGO RAILWAY
COMPANY.

Oct. 12, 1874.

**Verdict Sustained in a Case of Conflicting Testimony.**—Refusal to disturb a verdict, notwithstanding it appears to this court to be against the weight of evidence, the case being one in which there is a conflict of testimony, and considerable evidence tending to support the verdict.

**Parol Evidence—When admissible to Contradict or Explain Receipt.**—So far as a receipt goes only to acknowledge payment, it is merely *prima facie* evidence of the fact of payment, and may be contradicted by oral testimony; but so far as it contains a contract, it stands upon the footing of other writings containing contracts, and cannot be contradicted or varied by parol.

**Receipt in this Case held open to Parol Explanation.**—A certain receipt, put in evidence in this case, and set out in the opinion of the court, *held* to be a mere acknowledgment of payment, and, therefore, open to parol explanation.

Plaintiff brought this action in the court of common pleas for Ramsey county, to recover the sum of $22,600, being the unpaid balance of the sum of $65,000, alleged in the complaint to be the reasonable value of work done and materials furnished in the construction of a portion of defendant's railway. The answer admits the performance of the work and the furnishing of the materials, denies that they were worth more than $47,593, and alleges that sum to have been paid by defendant, and received by plaintiff, in full payment for all such labor and materials. For a second defence, the answer alleges an express contract between the parties for the grading and construction of the road bed of the Hastings Division of the Winona and St. Paul Division of the St. Paul and Pacific Railroad, (the name of defendant's proposed railway prior to 1866, and at the time of the making of the alleged contract,) at the price of $4,000 per mile, the whole to be completed on or before March 1, 1866; that plaintiff constructed such ten miles, under the contract, and not otherwise, and that the contract price was paid to and accepted by him, in full satisfaction therefor. The answer further alleges the performance of other work, and the

furnishing of other materials by plaintiff for defendant, on the same line of road, while he was performing his contract; that this extra work was worth $7,593, which sum and more was paid and received as satisfaction in full; that the work and materials performed and furnished under the contract, and the extra work and materials stated in the answer, are the same and the whole of the same work and materials mentioned in the complaint.

At the trial, before *Hall*, J., it appeared that the contract alleged in the answer was made between the parties, but that after it was made, the line of the road was changed, and the work and materials mentioned in the complaint were performed and furnished in grading the road on the new line. The plaintiff and his witnesses testified that the contract (which was verbal) was made with reference to the original line, and that there was no agreement that he should grade the line, as changed, at $4,000 per mile; that he made verbal protests against the change to the defendant's engineer, and told him the first line was cheaper and better; that the change of line delayed the work, carrying it into the winter, and thereby rendered it more expensive; and that the quantity of work, etc., required to grade the new line was nearly double that required by the old. On the other hand, evidence was introduced by the defendant, tending to show that the first line was only provisional, and that plaintiff assented to the change, and took part in running the new line; that there was no definite location at the time of making the contract, and that all the work and materials done and furnished by plaintiff on the ten miles were done and furnished under the contract, at $4,000 per mile. The defendant also put in evidence a certain receipt, set out in the opinion, and proved the payment, by defendant, of certain debts of the plaintiff, after the completion of the work. As to this payment there was a conflict of evidence; the defendant's witnesses testified that it was made as a gratuity at plaintiff's solicitation, he claiming that he had had a hard contract, but admitting that the defendant owed him nothing; the plaintiff's witnesses

testified that he always asserted a claim against the defendant.

At the defendant's request, the court instructed the jury (among other things) as follows:

" 4. If the jury find from the evidence that the plaintiff assisted in running the new line * * without objection, and performed the work upon such new line, and received his pay therefor, and signed the vouchers upon the estimates for the work, upon the theory that such work was done upon a contract for $4,000 per mile, * * and signed the last voucher for a balance upon said ten miles of work, without objection, or the assertion that he claimed to be paid for such work according to the quantity done, such facts are inconsistent with the theory and claim of the plaintiff set up in this action, and may be so considered by the jury in deciding upon the fact whether said ten miles of work was done under the contract alleged by the defendant, or not.

" 5. If the jury find from the evidence that after the work performed by plaintiff had been done on said ten miles of road, he applied to the defendant to pay the debts he had contracted in doing such work, as a gratuity, and to assist him out of a difficulty and embarrassment occasioned by his having taken an unprofitable contract to do such work, and did not claim the same as due him by the defendant for such work, such fact is inconsistent with the claim now set up by him to recover a greater sum than said contract price for said work, and may be so considered by the jury in determining whether said work was done by said plaintiff under said contract, and also whether the same had been fully paid for by the defendant."

The jury found a verdict for the plaintiff for $3,000, and interest, amounting to $4,388.91. A motion for a new trial was denied, and defendant appealed.

*Bigelow, Flandrau & Clark,* for appellant, to the point that the receipt set out in the opinion is a bar to a recovery by plaintiff in this action, cited *Coon* v. *Knap,* 8 N. Y. 402; *Egleston* v. *Knickerbacker,* 6 Barb. 458; *McKinstry* v. *Pearsall,* 3 John. 68; Cowen & Hill's note 228 to 3 Phil. Ev.,

3d Ed. 381, and note 288 to 4 Phil. Ev. 3d Ed. 580; *Wolf* v. *Myers*, 3 Sandf. 7; *Graves* v. *Friend*, 5 Sandf. 568; *Creesey* v. *Holley*, 14 Wend. 26.

They also contended that under the 4th and 5th instructions, and upon the evidence in the case, the defendant was entitled to a verdict; that the jury disregarded the instructions, ignored the evidence, and, through passion and prejudice, rendered a verdict for the plaintiff, in an amount purely arbitrary.

*Gilman, Clough & Lane*, for respondent.

The receipt given by plaintiff, upon which defendant relies as a receipt in full, amounts to nothing more than a receipt for so much money. To have the effect claimed for it, it must operate as an accord and satisfaction; and it can not have that effect, unless plaintiff agreed to accept that sum as a compromise of a claim honestly disputed by defendant. *Bunge* v. *Koop*, 5 Rob. 1; *Hammond* v. *Christie*, 5 Rob. 160; *Beardsley* v. *Davis*, 52 Barb. 159; *Buckingham* v. *Oliver*, 3 E. D. Smith, 129; *Ryan* v. *Ward*, 48 N. Y. 204.

It was error in the court to instruct the jury as to the force and effect of testimony—as to its consistency or inconsistency with plaintiff's claim; but the error was against the plaintiff. Both instructions assume the existence of facts which the jury did not and could not have found upon the testimony.

BERRY, J. Upon mature consideration, we can find nothing which would justify us in reversing the order denying a new trial in this case. We have reached this conclusion with much hesitation; for in view of what seems to us to be a great preponderance of the evidence, (as it appears upon paper,) against the plaintiff, we are compelled to say that if it were for us to render a verdict, we should be slow to find against the defendant. But it does not follow that it is our duty to set aside the verdict. The case was, (for aught that appears,) fairly tried by a struck jury called at defendant's request. There was considerable evidence which, (though not satisfactory to us,) clearly tended to support

the plaintiff's claim; much also to the contrary. The jury, in the exercise of their undoubted prerogative to determine upon the comparative merits of opposing testimony, have brought in a verdict for the plaintiff. To set aside the verdict under these circumstances would be to substitute our opinion for the opinion of the jury, upon questions of pure fact, questions peculiarly within the province of a jury, and to disregard and override the settled rule and practice of this court. Moreover, it is not to be overlooked that the order denying a new trial, from which the present appeal is taken, was made by the judge before whom the action was tried, who saw and heard the witnesses, and whose opportunities for appraising the testimony were therefore superior to those of this court.

We do not deem it necessary in this opinion to refer particularly to any portion of the evidence in the case, except the receipt, Exhibit 1. This action was brought to recover compensation for work performed and material furnished in constructing and completing a certain piece of road-bed, (to wit, ten miles,) on the Winona and St. Paul Division of the St. Paul and Pacific Railroad. There was no controversy as to the fact that a special contract was entered into between plaintiff and defendant for the construction and completion of the same, for the gross sum of $40,000. Plaintiff, however, claimed that this contract had been abandoned, and that the work was not done, nor the materials furnished thereunder. Defendant claimed to the contrary. The receipt referred to, and which was introduced in evidence by defendant, was, (so far as important,) as follows:

"Winona Division, Saint Paul and Pacific Railroad Co.

To Charles A. F. Morris, Dr., Feb. 26, 1866. For labor performed and material furnished under his contract for construction on Winona & St. Paul Division of St. Paul & Pacific Railroad, Hastings Division.

Balance on 10 miles . . . . . . . . . . . . . . . $1,000 00
&ast; &ast; (other items not necessary to be specified) 2,493 00
_____
$3,493 00

"Winona Division. Received of Saint Paul and Pacific Railroad Company, by the hands of William Crooks, chief engineer, three thousand four hundred and ninety-three dollars, in full for the above account.

Dated, etc. (Signed) CHAS. A. F. MORRIS."

The words, "balance on 10 miles $1,000" are explained by one of defendant's witnesses as referring to the balance due on the $40,000 contract, on which $39,000 had been paid previously.

Defendant argues that this document is "not only a receipt in full; it is a contract of acquittance, release, and discharge for all claims under the contract for the ten miles, together with a recognition of the contract, and, being such contract, is not explainable as a mere receipt would be;" and, further, that even conceding it to be only a receipt, it is just as conclusive of what it contains as any other written contract, unless it was obtained by fraud, or was given under a mistake, or the money receipted for was not paid; and that, there being no evidence of fraud or mistake, or of the non-payment of the money, the receipt is in fact a bar to plaintiff's recovery. We cannot agree to this. A receipt may be either a mere acknowledgment of payment, or it may also contain a contract. In the former case, and so far as it goes only to acknowledge payment, it is merely *prima facie* evidence of the fact of payment, and may be contradicted by oral testimony. But in so far as it contains a contract, it stands upon the footing of other writings containing contracts, and cannot be contradicted or varied by parol. 1 Greenl. Ev. § 305; 2 Taylor, Ev. § 1037. As the receipt under consideration does not purport to set out the terms of the contract to which it refers, it cannot be said to contain that contract; neither can it be said to contain a "contract of acquittance, release and discharge," any more than does any receipt in full. It must be regarded as a mere acknowledgment of payment, and, as such, its *prima facie* effect, as establishing full payment of the plaintiff's claim, may be overcome by parol explanation showing that the full pay-

ment acknowledged was not in fact made. *Ryan* v. *Ward*, 48 N. Y. 204; *Buckingham* v. *Oliver*, 3 E. D. Smith, 129. Now, the plaintiff's explanation of this receipt is that it was given, because " the company wanted to make a clean record, or showing, in making some negotiations for money for the completion of the road;" that in fact he has had "no settlement with the company, and that he has always asserted and insisted on his claims against the company." If the jury believed this explanation, we see no reason why, so far as the receipt is concerned, they might not properly find that it was not conclusive on the question of full payment, and should not cut off the plaintiff's recovery. If the case were one of a compromise, or of a settlement of unliquidated damages, a somewhat different effect might perhaps be given to the receipt. See *Coon* v. *Knap*, 8 N. Y. 402; *Kellogg* v. *Richards*, 14 Wend. 116; *Ryan* v. *Ward*, 48 N. Y. 204.

Defendant's criticism upon the action of the jury, in view of the fourth and fifth instructions given at defendant's request, are sufficiently answered, we think, by what we have already said, and by the considerations urged in reply to the same in the plaintiff's brief.

As to the amount of the verdict, it is certainly very far below the plaintiff's demand in his complaint, and below his estimate of the amount to which he deems himself entitled, as shown by his personal testimony. But taking the testimony of the plaintiff, of Skinner, Payte and Wallace, as it is affected by the testimony of Dodge, and considering the variety of opinions expressed as to the worth of the work done, we think the defendant is hardly justified in his remark that the verdict is purely arbitrary.

Order denying a new trial affirmed.