## THOMAS PRICE V. C. P. TREAT.

[FILED MAY 13, 1890.]

1. **Written Instrument:** RECEIPT OR CONTRACT? Taken and construed in connection with the several allegations and admissions set out and contained in the pleadings, the following paper writing set out in defendant's answer, to-wit: "Received from C. P. Treat $6,532.27, in full settlement of the within contract and in full of all demands. In consideration of said payment already received by me, I hereby release him and also the Fremont, Elkhorn and Missouri Valley R. R. Co., and the Chicago and North-Western Ry. Co., from all claims, actions, or causes of action which have arisen, or may or can arise, to me against any or either of them by reason of any connection I may have had with them heretofore": *Held*, To be a receipt and not a contract.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*N. C. Abbott*, and *C. O. Whedon*, for plaintiff in error, cited: *White v. Merrill*, 32 Ill., 511; *Smith v. Schulenberg* 34 Wis., 41; *Butler v. Regents*, 32 Id., 124; *Juilliard v. Chaffee*, 92 N. Y., 529; *Connell v. Vanderwerken*, 1 Mackey [D. C.], 242; *Am. Bridge Co. v. Murphy*, 13 Kan., 33; *St. Louis, etc., R. Co. v. Davis*, 35 Id., 464; *Scott v. Scott*, 5 N. E. Rep., 397, and cases; *Tompkins v. Hill*, 14 N. E. Rep. [Mass.], 177; *Sanford v. Abrams*, 2 So. Rep. [Fla.], 373; *Day v. Gardner*, 7 Atl. Rep. [N. J.], 365.

*John C. Cowin*, and *W. H. Munger*, contra, cited: 2 Parsons, Contracts, 555; 1 Greenleaf, Ev., sec. 305; *Cummings v. Baars*, 36 Minn., 350; *Squires v. Amherst*, 13 N. E. Rep. [Mass.], 609; *Stapleton v. King*, 33 Ia., 28; *Baker v. Nachtrieb*, 19 How. [U. S.], 126; *Aborn v. Rathbone*, 54 Conn., 444.

COBB, CH. J.

The plaintiff filed in the district court of Douglas county his petition, as follows :

"Now comes the said plaintiff and, complaining of the said defendant, says :

"That on or about the 15th day of October, 1885, this plaintiff contracted and agreed to construct and finish all the grading work on the line of the Fremont, Elkhorn & Missouri Valley railroad, from station numbered 10,644, to station numbered 10,699, as the railroad of said company was then located, being a distance of one mile, by which contract and agreement this plaintiff agreed to construct the grading work on said portion of said road and the said defendant agreed to pay this plaintiff therefor, as follows, to-wit:

"For solid rock excavation, the sum of ninety cents per cubic yard.

"For loose rock excavation, forty-five cents per cubic yard.

"For earth work, the sum of sixteen cents per cubic yard, for each and every cubic yard of excavation and embankment in the construction of the part of said line of railroad hereinbefore mentioned, a copy of which contract is hereto attached and marked 'Exhibit A.'

"Plaintiff further says, that in pursuance of said agreement and contract he did, on or about said 15th day of October, 1885, commence the construction of said railroad under and in pursuance of the terms of said contract and continued the construction thereof until about the 2d day of February, 1886, at which time the said defendant wrongfully, and without any valid reason therefor, required this plaintiff to deliver the exclusive possession of the work then being constructed and the unfinished portion of the work, included in said contract to him, the said defendant,

together with all the teams, wagons, plows, scrapers, shovels, and other material and tools then on the said work, the property of the plaintiff, as also the men, teams, and tools on said work then in the employ of and hired by this plaintiff, and the said defendant, after so wrongfully taking the possession thereof, continued said work for plaintiff with his tools, machinery, men, and other property aforesaid until the entire work under the provision of said contract was finished.

" Plaintiff further says that in the construction of that part of said railroad included in said contract, and under the provisions thereof, this plaintiff, while prosecuting said work, and defendant, while continuing said work, as aforesaid, for plaintiff, excavated and put in embankments, as per the provision of said contract, about fifty-seven thousand (57,000) cubic yard of earth, for which defendant agreed to pay the sum of sixteen cents per cubic yard, amounting to the sum of $9,120; that in the further construction of said work this plaintiff and said defendant, in the manner aforesaid, excavated, in the construction of said railroad, about three thousand cubic yards of loose rock, under the provisions of said contract, for which defendant agreed to pay the plaintiff forty-five cents per cubic yard, amounting to the sum of $1,350; that in the further prosecution and construction of said road this plaintiff and the defendant, in the manner aforesaid, excavated about thirty-three thousand seven hundred and sixty (33,760) cubic yards of solid rock, under the provisions of said contract, for which defendant agreed to pay this plaintiff ninety (90) cents per cubic yard, amounting to the sum of thirty thousand three hundred and eighty-four ($30,384) dollars; that the defendant has paid thereon the sum of twenty-five thousand ($25,000) dollars, and no more, and that there is now due from said defendant to this plaintiff, on the construction of said work, the sum of fifteen thousand eight hundred and fifty-four ($15,854) dollars.

"For a second cause of action against defendant plaintiff says: That at the time of the taking possession of the work, tools, and other property, as set forth in the first cause of action herein, to-wit, on or about the second day of February, 1886, said defendant then and there took the possession of the following described chattel property, to-wit: A large number of tools, consisting of scrapers, shovels, drills, mattocks, picks, sledges, crowbars, the number of each kind thereof, plaintiff is at the time of filing this petition unable to state, of the value of three hundred ($300) dollars, this plaintiff being the owner thereof, and unlawfully and wrongfully converted them to their own use, to the damage of the plaintiff in the sum of three hundred ($300) dollars.

"Wherefore the plaintiff prays judgment against the defendant for the sum of sixteen thousand one hundred and fifty-four ($16,154) dollars, and interest thereon from the first day of May, 1886, and costs of suit."

The defendant filed answer, as follows:

"Now comes the defendant for answer to the plaintiff's petition, and says:

"He admits that on or about the 15th day of October, 1885, plaintiff and defendant entered into the contract referred to in plaintiff's petition, and the defendant says that plaintiff neglected and refused to prosecute the work with such forces, tools, and machinery as the engineer in charge deemed adequate to its completion within the time specified in said contract, and that on the second day of February, 1886, plaintiff and defendant entered into a new contract, by the terms of which the plaintiff agreed to let this defendant put a foreman on the work mentioned in said contract, who should have entire and exclusive management of the work at plaintiff's expense, including keeping pay-rolls and paying men; that in pursuance of said agreement one of defendant's foremen took charge of said work under said agreement and with the consent of said plaintiff, and

managed the said work under the provisions of said contract until the said work was completed.

"And defendant denies that under and in pursuance of said contract there was excavated and put into embankments fifty-seven thousand (57,000) cubic yards of earth, three thousand (3,000) cubic yards of loose rock, and thirty-three thousand seven hundred and sixty (33,760) yards of solid rock, but alleges the fact to be that there was excavated and placed in embankments, under the provisions of said contract, sixty-five thousand twenty-nine (65,029) cubic yards of earth, and no more, sixteen thousand thirty-one (16,031) cubic yards of loose rock, and no more, twelve thousand six hundred and ninety-six (12,696) cubic yards of solid rock, and no more, and that the defendant has paid plaintiff therefor the sum of twenty-nine thousand and forty-four dollars and ninety-nine cents ($29,044.99).

"Defendant says that by the terms of the said contract payments were to be made only upon estimates by the engineer in charge, of the amount of work performed, and the final estimate by the engineer in charge was to be final and conclusive as between these parties, and that said engineer in charge of said work estimated and reported the amount of earth removed at sixty-five thousand and twenty-nine (65,029) cubic yards; loose rock at sixteen thousand thirty-one (16,031) cubic yards; solid rock at twelve thousand six hundred and ninety-six (12,696) cubic yards.

"The defendant denies each and every allegation of fact contained in the second cause of action of plaintiff's petition.

"And this defendant for a further and second defense to plaintiff's petition says that on or about the 21st day of May, 1886, this defendant rendered to plaintiff a statement of plaintiff and defendant's account under said contract, and that the plaintiff and defendant thereupon fully settled and adjusted the same, and there was found to be

due on said settlement for defendant to plaintiff the sum of six thousand five hundred and thirty-two (6,532) dollars and twenty-seven (27) cents, which said sum was paid by defendant and accepted by plaintiff, and that in consideration of the payment by the defendant to plaintiff of said sum of six thousand five hundred and thirty-two (6,532) dollars and twenty-seven (27) cents the said Thomas Price executed and delivered to defendant a release in full of all demands, claims, actions, or causes of actions which had arisen or might or could arise to plaintiff under and by virtue of said contract, a copy of which said release is as follows, to-wit:

"'Received from C. P. Treat $6,532.27, in full settlement of the within contract and in full of all demands. In consideration of said payment already received by me, I hereby release him, and also the Fremont, Elkhorn & Missouri Valley R. R. Co. and the Chicago & Northwestern Ry. Co., from all claims, actions, or causes of action which have arisen or may or can arise to me against any or either of them by reason of any connection I may have had with them heretofore.

"'Dated May 21, '86.        (Signed)   Thomas Price. "'Witness: C. W. Mosher.'

"Defendant denies each and every allegation of fact in plaintiff's petition not herein admitted.

" Wherefore defendant prays judgment, that he may go hence without day, and for his costs."

To this answer the plaintiff filed the following reply:

"The plaintiff replying to the answer filed herein admits that he signed the receipt, a copy of which is set forth in defendant's answer, but denies he signed the same in full settlement of the contract set forth in his petition, or with any such understanding or agreement.

" Denies that by signing said receipt he released defendant in full of all demands, claims, actions, or causes of action which had arisen or might or could arise to plaintiff

under and by virtue of said contract, as alleged in the answer herein.

"The plaintiff, further controverting the answer in this regard, alleges the fact to be that on or about the 21st day of May, 1886, he was largely indebted for labor performed and money expended, under said contract, and accepted said sum of $6,532.27 and applied the same in payment thereof.

"Denies that he accepted or received the said sum in full settlement of his contract with defendant, or any of his (plaintiff's) rights thereunder.

"And plaintiff alleges that at the time of the acceptance of said money he refused to take or receive the same under or upon the conditions set forth in the said receipt, or upon any conditions whatever except as a payment on account; and it was then and there agreed, arranged, and understood between plaintiff and defendant that the said sum of $6,532.27 should be paid over by defendant, and plaintiff should receive the same solely and only as a payment on account without qualification or condition; and it was then and there so paid over by defendant and so received and treated by plaintiff, and plaintiff signed said receipt only upon and after such understanding and agreement with defendant. Plaintiff further replying to the answer herein denies each and every allegation of new matter in defendant's answer contained not hereinbefore admitted, and demands judgment as per prayer of petition."

After the reply was filed the defendant filed the following motion:

"This cause coming on for trial, defendant moves the court for judgment for defendant on the pleadings."

This motion was sustained and final judgment was rendered dismissing the action. Plaintiff took his exception, and to have reviewed this ruling of the court below the case is brought here.

The principal question presented is whether the writing

set out in the answer is a contract or a receipt. If it is a contract, then its construction devolved upon the court, and if upon being construed it was found to constitute a full defense to the cause of action set out in the petition, the sustaining of the defendant's motion and the dismissal of the action were right. If on the other hand the paper is only a receipt for the sum of money therein expressed, it was subject to the denial, contradiction, and qualification thereof set out in the plaintiff's reply, and should have been submitted to a jury.

"A contract or agreement, not under seal, may be defined to be an agreement entered into between two or more persons whereby, in consideration of something done or to be done by the party or parties on one side, the party or parties on the other promises to do, or omit to do, some act. And from this definition it appears that to constitute such an agreement there must be: 1, the reciprocal or mutual assent of two or more persons; 2, a good and valid consideration; and 3, something to be done or omitted, which is the object of the contract," etc. (1 Chitty on Contracts, 11, Am. Ed. 11.)

By reference to the statement it will be seen that plaintiff claims, as his first cause of action, the excavation by him for defendant of 57,000 cubic yards of earth at sixteen cents per cubic yard, 3,000 yards of loose rock at forty-five cents per yard, and 33,760 cubic yards of solid rock at ninety cents per yard, amounting in all to $40,854, and that defendant has paid thereon $25,000, and no more. Defendant in his answer denies the above, but admits the entering into the contract with the plaintiff for the doing of the work referred to in the petition; he denies the doing of the work to the extent or amount of each kind respectively, but alleges that there was excavated and placed in embankments, under the provisions of said contract, 65,029 cubic yards of earth, and no more, 16,031 yards of loose rock, and no more, and 12,696 yards of solid rock, and no more;

and that defendant has paid plaintiff therefor the sum of $29,044.99. From a hasty computation it appears that there was, from the above admissions of defendant, the whole amount alleged to have been paid to the plaintiff due him for the said work, and the defendant alleges the same in the answer. The payment of a part of this money is the consideration named in the writing. This writing must be read in connection with the balance of the answer; when so read, it clearly appears to be lacking in the necessary element of a consideration to constitute it a contract.

Counsel for defendant in error in the brief claim that the writing under consideration is more than a receipt, and they cite cases which establish the proposition that when a receipt " contains an agreement or stipulation upon a compromise or settlement of disputed claims, or unliquidated damages, that the one party is to receive or accept a certain sum in full acquittance and discharge of such claims, it is a contract, and is not liable to be contradicted by parol, but is conclusive upon the parties, in the absence of fraud or mistake." (*Cummings v. Baars*, 36 Minn., 350, cited by counsel for defendant.) But it is to be observed that in the case at bar the claim for the payment of which the receipt was given was not a disputed claim, nor was it for unliquidated damages, but was for an amount of money shown to be due the plaintiff in error by the estimate of the engineer of the work, and never disputed by the defendant in error. The fact that the plaintiff claimed that not only this, but a larger sum in addition thereto was due him, did not make this a disputed claim. It appears from the answer that the claim which was paid and for which the receipt was given was shown to be due the plaintiff by the statement of account rendered to the plaintiff by the defendant on the 21st day of May, 1886. " When any ascertained sum of money is fully due and payable from one to another, if the creditor accepts a less sum in satisfaction, or promises to take less, the payment

in the one instance is a discharge of only so much as it amounts to, and in the other the promise is void. (Bishop on Contracts, sec. 50.)   To my mind the logical conclusion is the same in a case where the amount paid and receipted for is the precise sum admitted by the payor to be due, and the giver of the receipt then, or afterwards, claims an additional sum to be due him.

It cannot be denied that the authorities cited by counsel on either side, upon the principal questions involved, are conflicting and irreconcilable.   And while I do not doubt that where a contract in writing is set out in a pleading by a party, its execution duly admitted by the pleading of the other party, when by its terms it is conclusive of the controversy, as set out in the pleadings, and not attacked for fraud, accident, or mistake, it is the duty of the court to construe such contract and render judgment thereon; yet, holding, as I do, that the writing in question is not a contract, it follows that the case was one for a jury and that the learned district court erred in sustaining defendant's motion, and in rendering final judgment upon the pleadings in the cause.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.