WILLIAM R. MORSE v. WILLIAM H. C. RICE.

FILED FEBRUARY 1, 1893. No. 4785.

1. **Receipt: CONTRACT: PAROL TESTIMONY.** A written receipt may be explained or contradicted by parol testimony. But when it embodies a contract it cannot be contradicted, but is conclusive upon the parties, in the absence of fraud or mistake. Rule applied.

2. **Certificate of Deposit: INTEREST: DEMAND.** In an action upon a demand certificate of deposit it was *held*, in the absence

of any agreement as to interest, that interest is to be computed at the rate of seven per cent from the time payment of the certificate was demanded of the defendant, and in case no such demand has been made, then from the date of the commencement of the action.

3. **Evidence**: INSTRUCTIONS. *Held*, That there is no error in the charge of the court, and that the evidence sustains the verdict of the jury.

ERROR from the district court of Merrick county. Tried below before MARSHALL, J.

*J. W. Sparks* and *J. C. Martin*, for plaintiff in error.

*A. Ewing* and *W. R. Watson*, contra.

NORVAL, J.

On the 11th day of January, 1890, defendant in error brought his action in the district court to recover the sum of four thousand dollars and interest upon two certificates of deposit, executed by plaintiff in error for the sum of $2,000 each, dated respectively January 25, 1888, and February 3, 1888. The certificates are alike except as to dates and numbers, and in words and figures following:

"$2,000. CLARKS, NEB., January 25th, 1888. No. 2089.

"W. H. C. Rice has deposited with W. R. Morse, banker, two thousand dollars, payable to the order of himself in current funds on the return of this certificate properly endorsed, any month after date, with interest at — per cent per annum.

"This certificate will not be paid until due, and interest ceases at maturity.          W. R. MORSE."

The petition filed in the court below is in the usual form. The answer admits the execution and delivery of the certificates, denies that payment thereof was ever demanded, and alleges that defendant, on the 14th day of January, 1889, transferred to plaintiff a certain promissory note for

$280, drawing interest at ten per cent from July 14, 1888, which note, it is averred, plaintiff has collected and agreed to give defendant credit therefor upon said certificates of deposit. The defendant further pleads payment on the 12th day of February, 1889, of the sum of $1,152, by transferring to plaintiff three promissory notes aggregating that sum.

The plaintiff for reply admits the receipt of the notes; avers that they were transferred to him by defendant as collateral security for the payment of said certificates of deposit, and that no part of said notes has ever been paid.

Upon the trial the jury returned a verdict in favor of the plaintiff for $4,060.77. Defendant brings the cause to this court for review on error.

It is undisputed that Mr. Morse delivered to Mr. Rice, as collateral security, a promissory note executed by one Fremont Hoy, calling for the sum of $280, and interest. As the testimony shows that no part of this note has ever been collected or paid, plaintiff in error is not entitled to a credit in this action on account of said note.

It is conceded that on the 12th day of February, 1889, plaintiff in error turned over to defendant in error three promissory notes described as follows: One for $67, dated February 1, 1889, due in nine months, drawing interest at ten per cent from date, signed by Ray Miller and Albert Miller; one for $535, drawing interest at ten per cent, executed by Henderson Miller and Albert Miller, bearing date February 1, 1889. The other was signed by Albert Miller and Henderson Miller, calling for $550 with interest at ten per cent, dated February 1, 1889, and due in nine months. No part of these notes has been paid. At the time the notes were delivered to Mr. Rice he executed an instrument and gave the same to Mr. Morse, as follows :

" CENTRAL CITY, Feb. 12, 1889.

" Received of W. R. Morse three notes in amount of $1,152, for which I hereby credit on account.

" W. H. C. RICE."

On the trial plaintiff below introduced testimony tending to establish that at the time the notes were delivered to him and the above receipt therefor was given, the agreement between the parties was that the notes were taken solely as security for the payment of the certificates of deposit, and at the same time Mr. Morse further promised to take up these notes in thirty days and pay one-half of the certificates, and pay the remainder before the following July.

It is contended that the trial court erred in admitting oral evidence to contradict or explain the receipt. It is an elementary rule that parol contemporaneous evidence is inadmissible for the purpose of explaining, varying, or modifying the terms of a valid written contract. In such case the writing must govern. It is also a well settled principal of law that a simple receipt is only *prima facie* evidence of the truth of the statement therein contained, and as between the parties is always subject to parol explanation or contradiction. But when a receipt also embodies a stipulation in the nature of a contract, it is not open to contradiction, but is conclusive upon the parties, in the absence of proof of fraud or mistake. Among the numerous authorities which sustain this doctrine may be cited: *Price v. Treat*, 29 Neb., 536; *Morris v. St. Paul & C. R. Co.*, 21 Minn., 91; *Cummings v. Baars*, 36 Id., 350; *Elsbarg v. Myrman*, 41 Id., 541; *American Bridge Co. v. Murphy*, 13 Kan., 35; *Clark v. Marbourg*, 33 Id., 471; *St. Louis, Ft. S. & W. R. Co. v. Davis*, 35 Id., 464; *Stapleton v. King*, 33 Ia., 28; *Kellogg v. Richards*, 14 Wend. [N. Y.], 116; *Coon v. Knap*, 8 N. Y., 402; *Smith v. Holland*, 61 Id., 635; *Michigan C. R. Co. v. Dunham*, 30 Mich., 128; *McAllister v. Engle*, 52 Id., 56; *Smith v.*

*Schulenberg,* 34 Wis., 41; *McKinney v. Harvie,* 35 N. W. Rep. [Minn.], 668; *Grant v. Frost,* 13 Atl. Rep. [Me.], 881.

We do not agree with counsel for plaintiff in error that the writing in question is a contract within the rule excluding parol evidence. In law it is only a receipt, and, as such, was open to explanation by parol proof. It was competent to show by oral testimony what took place between the parties previous to and at the time the receipt was given; in other words, what the actual transaction was; that, if such was the case, the three notes were received, not as payment upon the certificates of deposit, but solely as collateral security. The exception to the admission of the testimony in this case already referred to must therefore be overruled.

While the plaintiff in error testified on the trial that the understanding between the parties at the time was that he was to receive credit for the certificates for the amount of the three notes, we are satisfied, after a careful perusal of the bill of exceptions, that the jury were justified in not accepting that view of the transaction. No indorsement was ever made upon the certificates in suit of the amount of the three notes, nor was defendant in error ever requested to make such indorsement. No claim was made by the plaintiff in error, prior to the commencement of this action, that the notes were to be credited, whether collected or not, upon the certificates of deposit. The letters which passed between the parties since the giving of the receipt, copies of which are in the record, as well as the fact that Mr. Morse urged the makers of the notes to pay them after they had been turned over to Mr. Rice, corroborate the testimony of the plaintiff below.

Complaint is made of the giving of the seventh paragraph of the court's charge to the jury relating to the question whether or not the notes were given and accepted as absolute payment, or merely as collateral security. This

was proper in view of the conflicting evidence. Counsel are in error in assuming that the court thereby submitted to the jury the question of the legal interpretation of the written receipt. No such proposition was presented to them to decide. The court permitted both parties to introduce parol testimony relating to the turning over of the notes and the giving the receipt for the same, and from the entire testimony the jury were to determine what the transaction was.

Exception is taken to the fifth instruction, which reads as follows:

"5. The jury are instructed that if from the evidence they believe that the plaintiff by his authorized agent, on the 24th day of December, 1888, made demand of the defendant for payment of said certificates of deposit, then said certificates of deposit would draw interest from that date until the present at the rate of seven per cent per annum. If the jury do not find that said demand was made at that time, then said certificates of deposit would draw interest at the rate of seven per cent per annum from the 11th day of January, 1890, the date of the commencement of this suit."

The testimony introduced by defendant in error tends to show that the certificates of deposit were presented to Mr. Morse on the 24th day of December, 1888, and payment thereof requested. On the other hand there was testimony to the effect that payment of the certificates was never asked. It will be observed that the certificates were due and payable on demand, but no rate of interest was specified. They would draw interest only at the rate of seven per cent from the time payment was demanded of defendant and if no demand was made, then from the date of the institution of the action. We think the instruction was correct in substance and form. The judgment of the district court is clearly right and is

AFFIRMED.

THE other judges concur.