R. J. B. WATERS, APPELLANT, V. M. L. PHELPS, APPELLEE.

FILED MAY 21, 1908. No. 15,196.

1. **Parol Evidence:** CONTRACT. A simple receipt is only *prima facie* evidence of the facts recited therein and may be explained by oral evidence, but when, in addition to a receipt, the paper also contains a contract of the party signing it, such contract stands on the same footing as other written contracts, and it cannot be varied or modified by parol in the absence of a showing of fraud in obtaining it.

2. **Real Estate Agents:** CONTRACTS. A contract for the sale of real estate, made by the owner to a real estate agent, must be regarded and construed as like contracts between other parties, and the fact that it provides for deducting from the agreed purchase price a sum designated as "commission" to be allowed by the vendor does not render it objectionable to the provisions of section 10856, Ann. St. 1907.

3. **Vendor and Purchaser:** ACTION: EVIDENCE. In a suit to recover from a real estate agent an alleged balance of the purchase price of a farm sold to him, evidence that at the time of the sale he was plaintiff's agent for the sale of the farm and had an offer therefor in excess of the price for which he made the purchase is irrelevant and immaterial. If the plaintiff wished to recover on account of the fraud and misconduct of the agent, his suit should be framed on that theory.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*C. A. Robinson* and *J. F. Walker*, for appellant.

*Edwin E. Squires, contra.*

DUFFIE, C.

In his petition the plaintiff alleges that in March, 1905, he sold to the defendant his farm in Buffalo county, Nebraska, for $5,000; that he perfected the sale by a sufficient deed of conveyance, and that the defendant has paid him $4,850 only, and refuses to pay $150, the remainder of the purchase price. The defendant's answer alleges that about March 9, 1905, the plaintiff entered into a contract with him, whereby he sold to the defendant the farm described in the plaintiff's petition for the sum of $5,000, less the amount due upon a mortgage existing against the premises, and less the sum of $150 to be allowed the defendant as a commission; that a memorandum was made in writing and signed by the plaintiff at the time, which is in words and figures as follows: "Shelton, Nebraska, March 9, 1905. Rec'd of M. L. Phelps, five hundred dollars ($500) part payment of purchase price of $5,000 for my farm, N.W. ¼, of sec. 22, town 11, R. 13 West 6 P.M., less five acres sold and deeded. The balance of purchase price less a mortgage at $900, and M. L. Phelps' Com. of $150 to be paid on or before April 1, 1905, when possession is given. R. J. B. Waters." Defendant alleges that he has performed all the conditions of said contract on his part, and paid the plaintiff the full purchase price according to the contract. For a second defense, the answer alleges that about the 1st of April, 1905, the plaintiff executed and delivered to him a deed of the farm; that before the transaction was closed a difference arose between the parties as to the meaning of the above memorandum, and as to whether defendant, under said contract, was entitled to the $150 mentioned as commission; that the difference between them was fully discussed, and a complete settlement there had; that pursuant to said settlement it was agreed that defendant was

entitled to deduct from the purchase price of the farm the $500 paid at the date of the memorandum, the $150 mentioned as commission, and the sum of $956.97 found to be the amount due upon the mortgage mentioned in the memorandum; that the sum of $3,393.03 was the full balance then due the plaintiff on said contract of sale, which the defendant paid and the plaintiff accepted in full settlement of the contract. The plaintiff filed a reply, alleging that he is unable to read writing; that he signed the receipt or contract set out in defendant's answer relying upon the representations of the defendant that it was a receipt for a portion of the purchase price of his farm; that defendant falsely and fraudulently represented to him that the receipt contained no other or different contract or agreement, and that, relying upon said representations he signed the receipt. The reply also contains a denial of all new matter contained in the answer. A trial to the jury resulted in a verdict for the defendant, and, from a judgment entered thereon, the plaintiff has appealed.

"Plaintiff insists that the memorandum set out in the defendant's answer is merely a receipt and subject to explanation by oral evidence. It is well settled that a simple receipt is the only *prima facie* evidence of the truth of the statements recited therein, and that oral evidence is admissible for the purpose of explaining, varying or modifying its terms; but a receipt may also contain a contract, and a contract embraced in a writing which also acknowledges the receipt of money stands upon the same footing as other written contracts, and cannot be varied or modified by parol. *Morse v. Rice,* 36 Neb. 212, and cases cited at page 215. The memorandum referred to contains an explicit contract of sale which a court of equity would specifically enforce, and the objection made that the $150 referred to in the memorandum as commission falls within the prohibition of section 10856, Ann. St. 1907, making void all contracts between the owner of land and an agent employed to sell the same which is not

reduced to writing and subscribed by both parties, cannot be sustained. That section was not intended to apply to a sale made by the owner directly to a real estate agent, and has no application whatever to cases of the character we are considering. It is only where the owner lists land with a real estate agent to be sold to other parties that a written contract signed by both parties and describing the lands and setting forth the commission to be paid for the agent's services is required. A sale made by the owner to a real estate agent rests upon no different footing from a sale made to any other party, and the fact that the contract allows the purchaser to deduct from the named purchase price a sum called a commission will not avoid the contract, though signed only by the vendor. The contract of sale evidenced by the memorandum could be avoided by the plaintiff, only, by showing fraud on the part of the defendant in procuring it. The record is quite barren of any fraud practiced by the defendant, and the verdict of the jury, in the state of record, must be accepted by this court as conclusive upon that question. There is also evidence tending strongly to show that, when the deed was made, a dispute occurred relating to this item of $150, and that the matter was finally settled between the parties with a full understanding of all the facts, and a transfer of the land and a payment of the money made in accordance with this settlement.

Complaint is further made by the plaintiff that the court refused evidence offered to show that, prior to the making of this contract, the land had been listed with the defendant for sale and that he had secured a customer at the price of $5,500. Under the issues made by the pleadings this evidence was immaterial. The action was not brought to recover from the defendant on account of misconduct on his part while acting as the plaintiff's agent for the sale of this land. It is well settled that an agent cannot make a valid purchase from his principal while that confidential relation exists, without fully and fairly disclosing to his principal all the propositions he has re-

ceived and all the facts and circumstances within his knowledge in any way calculated to enable his principal to judge of the propriety of the sale. *Moore v. Mandlebaum*, 8 Mich. 432. Had the action been brought for fraud and deceit on the part of Phelps while acting as the agent of the plaintiff, the evidence offered would be proper and material in establishing a cause of action against the defendant either to set aside the contract of sale or to recover from him any amount for which he had contracted a sale of the land prior to himself making the purchase. The action, however, was for a part of the $5,000 for which the land was sold, and the only question in issue was the right of the defendant to deduct the $150 from the agreed purchase price. The evidence fairly supports the verdict, and we discover no error on the part of the court in the conduct of the trial.

We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.