CHRISTIANSEN CONSTRUCTION CO., APPELLEE, V. A. J. HILLER
ENTERPRISES, INC., APPELLANT.

218 N. W. 2d 439

Filed May 23, 1974. No. 39337.

Michael Swanson, for appellant.

Moodie & Moodie, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-
COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

The sole issue presented in this appeal is whether a
lien waiver which acknowledges receipt of the unpaid
balance may be explained or contradicted by parol evi-
dence. The trial court permitted the introduction of
such evidence. We affirm.

Christiansen Construction Company, plaintiff, entered
into a written contract with A. J. Hiller Enterprises,
Inc., to construct a building for defendant in Norfolk,
Nebraska. The total cost of the building was $68,364.61.
On October 29, 1968, plaintiff made application for final
payment of $6,963.91, and on the same date Norman
Christiansen executed a waiver of lien which included
an acknowledgment of receipt of the final payment due
on the contract. On January 3, 1969, the architect
executed a certificate for final payment. On June 2,
1969, George H. Moyer, as trustee, forwarded a check
in the amount of $4,700 to apply on the balance due.
No other payments were made and this action resulted.

Defendant answered plaintiff's petition with a general denial, and subsequently was allowed to amend its answer by pleading additionally that the amounts prayed for by the plaintiff had been fully paid on approximately the 29th day of October 1968. There is no evidence in the record except the receipt embodied in the lien waiver that the total amount due has been paid. The plaintiff and the architect testified that only $4,700 of the amount due has been paid.

The testimony indicated that the lien waiver was requested by the architect and was submitted by plaintiff at the architect's request. The record would indicate this is often done to permit the owner of a project to complete the financing. All the correspondence shown in the record indicated that the money had not been paid. Several of these letters were written by agents of the defendant and there is absolutely no indication or suggestion in any of them that the obligation of the defendant had been satisfied.

Plaintiff cites Waters v. Phelps (1908), 81 Neb. 674, 116 N. W. 783, for the following: "It is well settled that a simple receipt is only prima facie evidence of the truth of the statements recited therein, and that oral evidence is admissible for the purpose of explaining, varying or modifying its terms * * *."

This court has held that when a receipt embodies a contract the terms of that contractual relationship cannot be varied by parol evidence. Morse v. Rice (1893), 36 Neb. 212, 54 N. W. 308. While a waiver of lien usually refers to the contract, it does not embody the contract. It merely waives mechanic's liens arising out of the contract. In this instance it was also a simple receipt acknowledging payment. This distinction between a receipt and a contract is found in Price v. Treat (1890), 29 Neb. 536, 45 N. W. 790. The syllabus in that case is as follows: "Taken and construed in connection with the several allegations and admissions

set out and contained in the pleadings, the following paper writing set out in defendant's answer, to-wit: 'Received from C. P. Treat $6,532.27, in full settlement of the within contract and in full of all demands. In consideration of said payment already received by me, I hereby release him and also the Fremont, Elkhorn and Missouri Valley R.R. Co., and the Chicago and North-Western Ry. Co., from all claims, actions, or causes of action which have arisen, or may or can arise, to me against any or either of them by reason of any connection I may have had with them heretofore': Held, To be a receipt and not a contract."

Alfred J. Hiller, Defendant's sole stockholder, testified that he did not know whether plaintiff had been paid in full. The only thing he knew was that he had a receipt for payment. Plaintiff's evidence conclusively establishes that payment had not been made.

The judgment of the District Court is affirmed.

AFFIRMED.