L. H. LAWTON v. LIZZIE FONNER.

FILED NOVEMBER 9, 1899. No. 9,012.

1. **Contracts: CONSTRUCTION.** Courts will usually adopt the interpretation placed on a contract by the parties themselves.

2. ———: ———. A contract should be construed, if possible, so as to give effect to all its provisions.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Affirmed.*

*L. M. Pemberton,* for plaintiff in error.

*James H. Woolley, W. H. Thompson* and *O. A. Abbott, contra.*

NORVAL, J.

Lizzie Fonner, on May 16, 1890, was the owner of certain real estate situate in South Grand Island, and on

said day she entered into a contract with respect thereto as follows:

"This agreement, made the 16th day of May, A. D. 1890, between Lizzie Fonner, of Grand Island, county of Hall, and state of Nebraska, party of the first part, and L. H. Lawton and J. C. H. Read, of the same place, parties of the second part, witnesseth: The said Lizzie Fonner agrees with the said Lawton and Read to sell them the following described real estate, upon the terms and conditions hereinafter stated, to-wit: Blocks Nos. one (1), ten (10), eleven (11), twenty (20), twenty-one (21), twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), each block containing eight lots. All the above described real estate situate in South Grand Island, Hall county, Nebraska. The said Lizzie Fonner further agrees that she will receive, as payment in full for each of the lots above designated, the sum of one hundred and ten dollars ($110), and the said Lizzie Fonner agrees with the said Lawton and Read that when they shall pay, or cause to be paid, the sum above mentioned, she will execute a warranty deed to them, or either of them, or any person or persons they may designate, for any or either of the lots contained in the above described real estate.

"It is agreed, however, by the said Lawton and Read that should they sell only lots contained in blocks twenty-three (23), twenty-four (24), and twenty-five (25), then will they pay to the party of the first part one hundred and twenty-five dollars ($125) for each lot sold, on terms as herein stated. The said Lizzie Fonner further agrees with said Lawton and Read that they shall have a term of four years in which to dispose of the above described real estate. The said Lawton and Read agree with the said Lizzie Fonner that they will pay all taxes legally assessed upon the above described property after it comes into their hands, so long as this contract shall be in force. It is further agreed by the said Lawton and Read that they will pay to the said Lizzie Fonner, after one year from date of this contract, eight per cent inter-

est, annually, upon the amount remaining due her, as such amount is designated in this agreement; and that their failure to do so will be just ground for declaring this contract null and void.

"Witness:                            L. H. LAWTON.
    "JOHN FONNER,                    J. C. H. READ."

Lawton and Reed did not find a purchaser for, or sell, any of the lots described in the contract within four years, nor did they pay Lizzie Fonner for the lots or any portion thereof, nor any interest money, nor did they pay the taxes legally imposed upon the property. The premises were never conveyed to them, nor was a deed demanded. A suit was instituted by Lizzie Fonner to have the rights of Lawton and Read under the contract extinguished, and to recover from them the amount of taxes paid by plaintiff upon the lots, together with interest upon the agreed price named in the contract. Service of process was made by publication upon Read, who did not appear in the cause, while summons was personally served upon Lawton. Upon the trial the court found the issues in favor of the plaintiff, and rendered a decree quieting the title in the plaintiff, and that she recover from Lawton the sum of $2,272.80, on account of interest on the purchase price and taxes. The latter has prosecuted error to this court.

Counsel for Lawton, in the brief filed, argues at considerable length that the instrument copied above is not a contract of sale, but merely an agreement on the part of Mrs. Fonner to convey the lots, or any of them, to Lawton and Read, or to any person or persons they might designate, for a stipulated price, should they decide to purchase, or should find a buyer within the period of four years. This interpretation of the agreement is not assailed by counsel for plaintiff, but is acquiesced in by her, and this court is justified in adopting the same as the true construction or rendering of the instrument. Treating the contract as giving Lawton and Read an option to buy the real estate, what were their obligations

and liabilities? Manifestly they were to pay only $110 per lot in case they exercised the option to purchase all the lots, but in the event they should sell the lots in blocks 23, 24 and 25, they were to pay therefor $125 for each of such lots. Lawton and Read, by the terms of the agreement, obligated themselves, as consideration for the option, to pay all taxes legally imposed upon the property after it should come into their possession during the continuance, or life of, the contract, and they were also to "pay the said Lizzie Fonner after one year from date of this contract eight per cent interest annually on the amount remaining due her, as such amount is designated in this agreement." The option was to continue for four years, unless the same was sooner terminated by Mrs. Fonner under the terms of the contract for the non-payment of interest. The taxes levied against the lots, which Lawton and Read promised to pay, were something less than $100, and the court did not err in rendering judgment against them therefor.

It is insisted that Mrs. Fonner was entitled to nothing on account of interest, since none of the lots were conveyed to Lawton and Read, or sold by them, and no sum therefore existed upon which interest could be cast. This position is wholly untenable. There is nothing in the agreement of the parties to warrant the interpretation that Mrs. Fonner was to sell the lots on time; on the contrary, she agreed to sell for cash, for it is expressly stipulated that when Lawton and Read "shall pay, or cause to be paid, the sum above mentioned, she will execute a warranty deed to them, or either of them, or any person or persons they may designate, for any or either of the lots" etc. By the language contained in the contract, "eight per cent interest annually upon the amount remaining due her, as such amount is designated in this agreement," it is very evident that it was the intention of the parties that interest should be computed on the aggregate price of the lots remaining unsold. Thus, if any of the lots should be sold, interest was to be cast on

those remaining unsold at the contract price. Manifestly this is what was meant by "the amount remaining due her." The construction contended for by counsel for Lawton and Read would render portions of the contract meaningless, because if nothing is due until a sale has been made of the lots, there would be no sum upon which interest could be computed "after one year from the date of the contract," unless the property had been previously sold, and in which event the purchase price must have been paid down at the time of the conveyance, consequently there could be no sum to draw interest. The word "due," in the sense it is employed in the agreement, means the unpaid purchase price. Contracts should be so construed, if possible, as to give meaning to their several provisions, and when the one before us is read in the light of this cardinal rule of interpretation there is no reason to doubt that Mrs. Fonner was to receive interest on the stipulated price of the lots. This the court below accorded her, and in so doing no error was committed.

The contention that the judgment is inconsistent with itself, because the court allowed interest on $7,920, the agreed value of the property, and did not render judgment against Lawton for the principal sum, is without merit. He can not be heard to urge that the amount awarded plaintiff was not large enough. This is a familiar rule of practice. But the judgment is entirely consistent with the findings. Lawton and Read never promised to buy the lots or to pay the purchase price. It was optional whether they purchased or not. Never having availed themselves of their option, they would not be holden for the agreed value of the property, while they did obligate themselves to pay interest on such value as a part consideration for the option. The judgment is

AFFIRMED.