M. E. GANDY, APPELLANT, V. JEROME C. WILTSE, APPELLEE.

FILED JUNE 7, 1907. No. 14,822.

1. **Evidence: COMPETENCY.** Evidence of a verbal agreement by a landlord with his tenant to construct a drain for the protection of a part of the land leased made without consideration, and evidence of damage by reason of the failure to construct such drain, is incompetent in an action for an accounting, the agreement being omitted from a written lease between the parties.

2. **Jury, Right to Trial by.** "Whether or not a right to trial by jury exists must be determined from the object of the action as determined by the averments of the petition, and in case of ambiguity by resort to the prayer." *Yager v. Exchange Nat. Bank*, 52 Neb. 321.

3. **Compromise and Settlement: PLEADING.** The giving of a note by one party to another in settlement of the differences between them is a good defense in an action by the maker against the payee to recover prior existing claims, in the absence of fraud or mistake, but such defense must be pleaded.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed on condition.*

*R. S. Moloney* and *Reavis & Reavis,* for appellant.

*E. Falloon, John Wiltse* and *I. E. Smith, contra.*

EPPERSON, C.

From 1901 to 1904 defendant occupied several tracts of land as plaintiff's tenant under written leases, and was also the agent or employee of plaintiff in many transactions pertaining to the leased premises and other matters. Plaintiff brought this suit, alleging numerous items, aggregating $6,388, on account of waste and for the conversion of property and money, and prayed "for an accounting and for a decree for the several sums of money particularly mentioned, and such other and further relief in the premises as equity and good conscience may require." The defendant denied the plaintiff's allegations, and set forth numerous items of indebtedness against plaintiff, aggregating $3,116.12, for labor performed upon the premises at plaintiff's request, damages for the withholding of certain land described in the lease, material purchased for plaintiff, and other items not necessary to mention. Trial was had to a jury, and defendant obtained a verdict and judgment for $1,000. Plaintiff appeals.

One item claimed by defendant was $500 damages occasioned by plaintiff's failure to comply with an alleged verbal agreement to construct certain drains, whereby defendant's crops were damaged. Defendant testified that the agreement was made in the latter part of 1902 or early in 1903. At the time there was existing, or soon thereafter was made, a written lease, which was silent as to the proposed drainage. It is not shown that any consideration was given for the agreement. The only evidence of this agreement was the testimony of defendant as follows: "The agreement was he would make a ditch from the Ritter place, through Kuhlman's, to the river to drain the Ritter tract, and also a ditch from the Goodsell tract, across Mr. Ludwig's, to the river. These two ditches would have completed the drainage for the tract of land we had." Defendant was permitted to testify over objection that the damage was, "I would judge, $500 anyway."

No other evidence of damage was given. It seems that the so-called agreement, which defendant assumed was a binding contract, was but a statement made in a conversation, and never reached the dignity of a contract. Nor does the evidence show what was the value of the land without the drain. The defendant should be held to have taken the land as it existed on the date of his written lease made in March, 1903, which contained no provision for the drainage. We are satisfied that the admission of the above evidence was reversible error, and that the $500 item should not have been considered by the jury.

Defendant contends, however, that the action was brought for equitable relief, that a jury should not have been called, that the verdict of the jury was advisory only, that for these reasons error in the admission of incompetent evidence was without prejudice, and that the case should be disposed of as though no jury trial had been had. If the case was for equitable relief only, the verdict of the jury would be advisory, and we would indulge the presumption that the court considered only competent evidence. If, however, our constitution and statutes require a jury trial, then the legality of evidence admitted must be determined. An examination of the petition and the answer discloses numerous items of indebtedness, each of which constituted a distinct cause of action at law. The only relief that could be obtained was a money judgment in favor of the successful party. The only feature of the pleadings indicating that equitable relief was sought was the prayer of the petition above quoted. But, in the absence of ambiguity in the body of the pleading, it is unnecessary to consider the prayer in determining the nature of the action. *Harral v. Gray,* 10 Neb. 186.

Article I, sec. 6 of the constitution, provides that "the right of trial by jury shall remain inviolate." Section 280 of the code provides: "Issues of fact arising in actions for the recovery of money, * * * shall be tried by a jury, unless a jury trial is waived." Under the law as it

existed at the time our constitution was adopted, there is no doubt that the right to a trial by jury existed in favor of one pleading causes of action against his adversary, such as are claimed by each party herein. Every issue presented is one involving the right of the parties to recover a money judgment. No purely equitable rights are claimed by either party, and we entertain no doubt that the matters in question were for the determination of a jury. In *Yager v. Exchange Nat. Bank, supra,* it is said: "It is contended, and we think correctly, that the nature of the action cannot be determined alone from the prayer of the petition. * * * One must see what sort of a case the plaintiff makes by his averments, and from that ascertain what would be the nature of the case and the relief required under the former procedure."

Plaintiff contends that, as the several claims of defendant arose prior to the giving of a note by defendant to plaintiff in January, 1905, for the rental of the land in controversy, defendant cannot recover, as the note settled all their differences to that date. The evidence does not show that the note was intended as a settlement; but when it was given defendant claimed that he was entitled to a reduction for money due from plaintiff to him, which plaintiff agreed to adjust later. Nor is plaintiff in a position to now insist on this contention. He does not allege that the note was given in settlement of the various items claimed by defendant. The giving of a note by one party to another in full settlement of all differences existing between them is a good defense to an action subsequently alleged by the maker of the note against the payee, but, like any other defense, it must be pleaded. A general denial is insufficient to permit proof of settlement.

There are other assignments, but we are unable to detect error, other than above indicated. It is earnestly contended by defendant that the evidence required a verdict in his favor for a much larger sum. This may be true, but it also appears that it would have sustained a verdict for a sum less than that returned by the jury. The items

were so numerous and the evidence of such a nature that reasonable men might differ as to the rights of the parties.

We recommend that the judgment of the district court be reversed and the cause remanded for a new trial, unless the defendant shall within 30 days file a remittitur of $500, and, if he elects so to do, the judgment, thus reduced, be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial, unless the defendant shall within 30 days file a remittitur of $500, and, if he elects so to do, the judgment, thus reduced, will be affirmed.

JUDGMENT ACCORDINGLY.