SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, AP-
PELLEE, V. PAUL PETERSON, APPELLANT.

FILED MARCH 28, 1913.    No. 17,043.

1. **Compromise and Settlement:** CONCLUSIVENESS. After an agreement
to compromise and settle an actual controversy has been made by
the parties in interest, the original matter in dispute is not a
proper subject of suit or defense, where fraud, mistake or duress
in procuring the contract is not pleaded.

2. **Insurance:** PROOF OF LOSS: MISSTATEMENTS. In the law of fire insur-
ance, a misstatement of fact in the proof of loss, if made after
the insurer and the insured have entered into a contract to com-
promise and settle the damages in dispute, is not a proper subject
of suit or defense, where the insurer did not rely upon the mis-
statement, and where it was perfunctorily made, without any
fraudulent intent.

APPEAL from the district court for Washington county:
WILLIAM A. REDICK, JUDGE.    *Reversed.*

*Jefferis & Howell* and *Herman Aye,* for appellant.

*Greene, Breckenridge, Gurley & Woodrough,* contra.

ROSE, J.

This is an action for money had and received. For the
term of one year from March 23, 1909, plaintiff insured
defendant against loss by fire to the extent of $1,300 on a
linotype and $200 on a stereotyping plant, and authorized
concurrent insurance, which was written in the Hartford
Fire Insurance Company to the extent of $1,000 on the
linotype and $200 on the stereotyping plant. The build-
ing containing the property was destroyed by fire April
27, 1909. This controversy is narrowed to the insurance
on the linotype. Plaintiff's proportion of the liability,
estimated at $889.67, was paid to defendant June 7, 1909.
To recover back that sum is the purpose of this suit. In
the petition the relief demanded is based on two grounds:
(1) Defendant was not the sole owner of the property at
the time of the fire, and for that reason was not entitled

to any indemnity under the terms of his policy. (2) In violation of his insurance contract, he procured payment by false statements in his proof of loss. The facts constituting both grounds of relief were denied in an answer containing an affirmative plea of the compromise and settlement of plaintiff's proportion of the loss at $889.67. In a reply plaintiff denied the compromise and settlement, and repleaded that payment was made in reliance upon false statements made by defendant in his proof of loss. The case was tried to the court without a jury. From a judgment in favor of plaintiff for $616.87, defendant appeals.

The judgment is challenged as being without support in the pleadings and evidence. That plaintiff's policy was issued, that it was in force when the fire occurred, that the linotype was damaged to some extent, are facts not open to controversy. At the time of the fire defendant, on the record made, was clearly the owner, within the terms of the insurance contract.

The other ground of relief pleaded by plaintiff is unavailing for the following reasons: The evidence shows, without contradiction, that before proof of loss was made an adjuster of plaintiff saw where the linotype stood in the ruins of the consumed building. He had the same opportunity as defendant to determine the nature and extent of the damages. After the terms of the compromise had been agreed upon, the proof of loss was made by defendant in a perfunctory way, without any intention of misleading or defrauding the insurer. That the statements therein were not relied upon by plaintiff is shown by its own testimony. Plaintiff not only entered into the contract of settlement, but paid the loss. The compromise was pleaded and proved by defendant. In absence of fraud, mistake or duress, it is binding on the parties. *Home Fire Ins. Co. v. Bredehoft,* 49 Neb. 152; *Gandy v. Wiltse,* 79 Neb. 280; *Slade v. Swedeburg Elevator Co.,* 39 Neb. 600; *Massillon Engine & Thresher Co. v. Prouty,* 65 Neb. 496. The truth is that the linotype had been in a

fire. Falling plaster and other debris had covered it in the ruins. Both parties saw the situation. The machine was injured. There was a loss to adjust. The parties were competent to make an agreement, and the amount of damage was a lawful subject of contract. The adjuster and defendant, each apparently relying on his own acumen, began and concluded negotiations for a settlement, without uncovering the machine. Evidence directed to the issue of fraud in the proof of loss indicates that defendant had the better of the bargain, that this was not discovered until after the linotype had been uncovered and cleaned, and that the debris had protected it. Plaintiff denied the settlement, but was mistaken. It did not plead fraud, mistake or duress resulting in an unconscionable settlement. Such a plea was necessary to relief based on that ground. *Gandy v. Wiltse,* 79 Neb. 280. It follows that the relief granted to plaintiff was outside of the pleadings and evidence. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.