GEORGE T. STEPHENSON, APPELLANT, v. GERMANIA FIRE INSURANCE COMPANY, APPELLEE.

FILED DECEMBER 9, 1916. No. 18704.

1. Insurance: POLICY: NATURE OF CONTRACT. An insurance policy is a contract between the insurer and the insured, and neither party can make a new contract for the other without his knowledge or consent.

2. ———: ———: ASSIGNMENT. The owner of a policy of insurance, who has parted with the title to the premises, cannot assign the policy, after a fire, and without the knowledge and consent of the insurance company which issued the policy, so as to make it liable to a third person for the loss.

3. ———: ———: STATUTORY PROVISIONS. The provisions of section 3187, Rev. St. 1913, do not apply to a case where the insurance company has never entered into contractual relations with the person claiming under the policy.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. Affirmed.

E. N. Kauffman, for appellant.

J. L. Caldwell, contra.

LETTON, J.

Action to recover upon a fire insurance policy. A general demurrer to the answer was overruled. Plaintiff elected to stand on his demurrer, and judgment of dismissal was rendered. Plaintiff appeals.

The petition alleged, in substance, that the insured property was owned by one W. M. Rice; that about the 1st of August, 1913, the plaintiff commenced negotiations by mail with Rice who lived in Pueblo, Colorado, to purchase the property, and soon thereafter completed a contract of purchase. As a part of the consideration, Rice agreed to assign and deliver to him the policy of insurance. The deed and policy were sent to a bank at Wymore for delivery to plaintiff, but Rice failed to assign it in writing. Before the plaintiff could procure a written assignment, on the 31st day of August, a fire occurred which almost wholly destroyed the building. After the fire, Rice sent the plaintiff an assignment in writing. It is also alleged that the property was damaged more than the indemnity provided for, and that no additional hazard was caused by the transfer of the property.

The defendant's answer, in addition to certain admissions and denials, pleads (1) a provision of the policy that, if a change took place in the title or interest of the assured in the property, the policy should be void, and the fact that the title to the property had passed from Rice before the fire; (2) a provision of the policy that it should be void if assigned without the written consent of the insurance company indorsed thereon, and the fact that the attempted assignment was made after the fire and without its consent; (3) that it never entered into a contract with the plaintiff or knew he claimed any interest in the property until after the fire; (4) that he is not the owner of the policy and the defendant company has never recognized him as such.

The general demurrer searched the record. The pleadings disclose that, after the title had passed from Rice and after a fire had practically destroyed the insured property, he undertook to assign the policy to plaintiff without defendant's consent or approval. At this time defendant knew nothing about the change of title and had not consented to enter into an insurance contract with the plaintiff. By the terms of the policy the change of ownership avoided the contract. This is a reasonable provision for

the protection of the insurer. An insurance company has the right to determine with whom it shall contract, and while in the great majority of instances its consent to an assignment may be, as plaintiff insists, merely a matter of course, it is so because of the fact that there is ordinarily no moral hazard, and therefore it is willing to enter into a contract. Instances do occur occasionally when insurance companies decline to enter into insurance contracts with individuals. This is their right and privilege, and it is not unreasonable that they reserve to themselves by their policy the right to determine with whom they will contract.

Plaintiff virtually concedes that this is the law, but insists that by the enactment of the new insurance code the law has been changed so as to allow the recovery. He relies upon the following language in section 3187, Rev. St. 1913: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding." At the time the contract was entered into with Rice no such provision was in the statutes; but, even if such a provision were in force, how can it apply to the facts pleaded? It is the entire absence of a contract relation between the plaintiff and defendant that is relied on as a defense. Plaintiff never owned a policy issued by the defendant, and hence the defendant is not an insurer of his property, and never has been. *Farmers Mutual Ins. Co. v. Home Fire Ins. Co.*, 54 Neb. 740.

The petition shows that the policy would expire in about nineteen days after the fire. The plaintiff, who, it was said at the argument, is a man experienced as an insurance agent, accepted the title to the property when the policy which accompanied the deed expressly stated the necessity of the consent of the insurer to an assignment in writing in order to transfer the insurance. He could have declined to take title until the insurance was transferred, or he could

have taken out new insurance, since the policy had such a short time to run; but, instead of following the safe course, he took the risk of a fire occurring in the interval of time it would take to again communicate with Rice. There is no privity between him and the defendant, and they have never had any contractual relations.

Moreover, a contract requires the meeting of minds. In *New England Loan & Trust Co. v. Kenneally,* 38 Neb. 895, it is said: "The general rule of law is, that a policy of fire insurance is a personal contract with the party insured and does not run with the land or pass to the purchasers by a sale of the premises or property insured, and any assignment of the policy *must be with the knowledge and consent of the insurer. Ayres v. Hartford Fire Ins. Co.,* 17 Ia. 183, and cases cited; *Simeral v. Dubuque Mutual Fire Ins. Co.,* 18 Ia. 319; *Ætna Fire Ins. Co. v. Tyler,* 30 Am. Dec. (N. Y.) 90; May, Insurance, sec. 6." Each party has the right to determine for himself whether he will do business with the other. · In the case of an attempted assignment of a policy of insurance, there is no new contract until the insurer knowingly accepts the assignee in the place of the former as the person with whom it insured. The insurance company would have the same right to insist that an assignee of the policy, without his consent to and acceptance of the assignment, would become liable for any unpaid premiums, as an assignee, without the insurer's knowledge or consent, has to insist upon payment of a loss.

There was no forfeiture as defendant insists. Rice had the right to surrender his policy at any time, receiving back the unearned premium at the customary short rates. When he parted with the title, he had no insurable interest left, and there was nothing to forfeit.

Plaintiff contends that there is a saving clause in the new statute which in some way aids his contention. This clause, however, merely provides: "All actions and proceedings which may be pending in any court under existing laws which this act in any way supersedes or repeals shall proceed without being in any manner affected by the passage

of this act." Rev. St. 1913, sec. 3321. This action was not pending when the insurance code took effect, and the saving clause has no application.

The judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.

SEDGWICK, J., dissenting.

The insured agreed to convey this property to the plaintiff and assign the insurance policy. He afterwards executed the deed, but there was some delay in assigning the policy, and before a formal assignment had been made the building burned. The policy provided that it should be void "if any change took place in the title, possession or interest of the assured, * * * unless otherwise provided by agreement indorsed thereon." There was a blank form on the policy for assignment and consent of the company, but the insurance company had not executed it. The question is whether the policy was void under this condition. It clearly did not avoid the policy under the present statute: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding." Rev. St. 1913, sec. 3187. The majority hold that this section does not apply, because this policy was issued before this statute was enacted. That may be doubtful, but it does not seem to be material, because we had decided the same thing long before this policy was issued. "A contract of insurance, where the insurer has received and retains the consideration, is to be sustained, if possible and should not be defeated upon any ground which does not materially increase the risk." *Billings v. German Ins. Co.*, 34 Neb. 502. For the same principle the following cases are cited in the brief: *Phœnix Ins. Co. v. Barnd*, 16 Neb. 89; *State Ins. Co. v. Schreck*, 27 Neb. 527; *Farmers & Merchants Ins. Co. v. Newman*, 58 Neb. 504;

*Hanover Fire Ins. Co. v. Gustin,* 40 Neb. 828. "It should not be defeated upon any ground which does not materially increase the risk." This conveyance did not materially increase the risk, since the residence was occupied by a tenant a long time before the conveyance was made, and the same tenant continued to occupy after the conveyance was made and until the house burned. There was no change in the occupancy and no possible increase in the risk. We are not alone in this holding. "Under a provision in a fire insurance policy that it shall be void if the risk is increased in any manner, or if the property is sold or any change is made in the title, or if the property is incumbered or used for other purposes without consent, a change of title, incumbrance or use will not render the policy void unless it increases the risk or decreases the security." *Russell v. Cedar Rapids Ins. Co.* (78 Ia. 216) 4 L. R. A. 538, and note. This seems to be the general rule without a statute.

The majority opinion says: "Moreover, a contract requires the meeting of minds." If this statement has any force in this case, it must mean that one party to a contract cannot assign his interest therein so as to give his assignee any interest in the contract without the consent of the other party. This is announcing a great change in the law of contracts, and, if adhered to, will disorganize business as at present carried on. If I contract to convey my house and lot to A, and he assigns that contract to B, I cannot refuse to recognize the right of B to a conveyance. The contract becomes one between myself and B, whether I do or do not consent. In the case at bar, Rice could sell his property to Stephenson, including his interest in the insurance, and the contract of sale included the transfer of the insurance policy. As there was to be no change of occupancy of the property, or any other possible increase of hazard, the parties were justified in assuming that the company would consent to the assignment of the policy. The purchaser could not be compelled to take the property under their contract unless an assignment of the policy could be made. There was no attempt on the part of the company to show any reason for

objecting to a transfer of the policy or that consent would have been refused, except as a pretext for avoiding payment of a meritorious claim. The contract of insurance contemplates that the interest of the insured is assignable, and the company's consent is formal, unless some reason, contemplated by the contract exists for refusal.

The general rule that a sale and transfer of the property without the due assignment of the policy will avoid the policy does not apply in this case.