Wilson v. Perry.

---

H. F. WILSON ET AL., EXECUTORS, APPELLEES, v. EDWARD PERRY ET AL., APPELLANTS.

FILED JUNE 27, 1923.   No. 22466.

1. **Specific Performance:** DEFECTIVE TITLE. In an equitable action by executors and trustees, appointed by the will of a testator, to require of a purchaser specific performance of their contract for the sale of land in this state, a conveyance was tendered and the action tried prior to the closing of the estate in the county court or rendition of any decree therein determining heirship or directing distribution or assignment of the estate. There was no showing or finding in the conveyance, will or probate proceedings whether the decedent was a married man or had left a surviving widow. *Held,* that the conveyance was not sufficient to require acceptance as passing good and merchantable title.

2. ——— : ———. No special equities being pleaded or proved, and such contract containing a clause making time an essential element, in the absence up to and including the time of trial of a showing by the vendor of ability to fully perform, the purchaser will not, over his objection, be required by decree to thereafter, and much later than the date fixed by the contract, accept a conveyance based upon the assumption that a particular finding and decree will be entered in the matter of the estate in the county court.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Reversed with directions.*

*Kingsbury & Hendrickson,* for appellants.

*A. R. Davis* and *H. E. Siman, contra.*

Heard before MORRISSEY, C. J., DAY, ROSE and DEAN, JJ., BLACKLEDGE and COLBY, District Judges.

BLACKLEDGE, District Judge.

This is an action for specific performance of a contract to sell and convey real estate.

The plaintiffs, as executors and trustees under the will of Phillip Sullivan, deceased, filed their petition, which includes as exhibits a copy of the contract, and transcript of the will and proceedings had in reference thereto in the county court of Wayne county. It appears that Phillip Sullivan died October 5, 1919, seised of the land in controversy. The will was admitted to probate November 7, 1919. The contract was made October 20, 1920, and fixed March 1, 1921, as the date of final performance. It required an abstract showing good title in the estate of Phillip Sullivan and a conveyance to the purchaser in fee simple by good and sufficient deed.

On the date fixed, plaintiffs tendered a deed executed by them "as executors and trustees of the estate," which defendants refused to accept, claiming that the same would not convey a good or merchantable title. Thereupon, March 12, 1921, plaintiffs filed their petition in the district court praying for specific performance. On the same date defendants filed an answer, admitting substantially all the allegations of the petition except that a sufficient conveyance had been tendered or could be given, and prayed for the denial of plaintiffs' petition and the return to them of a cash payment previously made on the contract, of $6,464.

The case stood in this situation until September 24, 1921, when it was determined by the district court upon the pleadings and a decree entered which finds, among other things, that plaintiffs, as trustees, had power to make the contract, and that upon the entering by the county court of a decree of final distribution in the estate distributing the estate remaining in the hands of the executors to plaintiffs, as trustees and sole devisees, plaintiffs can by their deed as such trustees convey full and perfect title, and that they are entitled to such final decree of distribution in the county court.

The court thereupon decreed that, upon the rendition of such final decree in the county court and tender by plaintiffs of their deed as such trustees, the defendants should perform their part of the contract by accepting the conveyance and making the payments by cash, notes and mortgage as specified in the contract.

Upon this appeal it is contended by defendants, the appellants: (1) That the plaintiffs have no title as trustees until the administration has been closed by a final decree assigning the property to them as devisees, and that, under the provisions of the will in relation to the property, the offices of executor and trustee are not coexistent; (2) that neither by the will nor otherwise in the probate proceedings has it been designated or determined whether the decedent had been married or left a surviving widow, and that the absence of some adequate determination of this matter rendered the title unmerchantable in its present condition; (3) that the trial court was unauthorized by its decree, of a materially later date than the contract day of performance, to allow the plaintiffs to thereafter perfect their title in the respects complained of, and then require the defendants to accept the same, the contract having specified that time should be an essential element.

The appellees answer: (1) That, because the contract contained the provisions that the cash payment due March 1 "is without interest until maturity and to draw interest at ten per cent. after maturity," the subsequent clause making time of performance an essential element of the contract is thereby rendered nugatory; (2) that, because the will devised the land of the estate to trustees and directed it to be sold and converted by them into money or securities and distributed in such form, an equitable conversion took place and the title vested in the trustees; (3) that, the will having been duly probated, the debts paid, the time for filing claims expired and an order barring claims entered, equity will "look upon that as done which ought to be done" as to a

decree of distribution and assignment in the county court, and consider it entered, although in point of fact it has not been made or entered.

We may assume that plaintiffs had power to make the contract, and pass over the question as to whether it resided in them as executors or as trustees; also as to whether the will worked an equitable conversion of the property so far as the estate was concerned, for here the question is as to the title to be passed to the defendants and the sufficiency of the conveyance by which it is proposed to be done.

The sufficiency of the conveyance tendered to pass good title is the principal question in the case. We may assume that these plaintiffs took under the will as any other devisees would take. The question remains whether, prior to the final decree of the county court in probate proceedings determining heirship and directing distribution, and without any recitals or finding in the will, or elsewhere in the probate proceedings, as to the domestic condition of the testator, equity should require the acceptance of a conveyance by plaintiffs as trustees. Certainly their power or authority in that regard is no broader than would be that of the testator. We may assume that Phillip Sullivan in life was party to the contract and tendered his deed without covenant or recital as to his domestic condition. It needs no argument to demonstrate that no prudent title examiner would accept it or pass it. True, such defects, usually, however, as to the deeds of some age, are sometimes cured by means of affidavits; but even that is not tendered here, and we take it that, due to the situation of this estate, something more tangible than an *ex parte* affidavit should be had. Nor can we consider the objection upon this ground as unimportant or technical. It is material and substantial. It is for the very purpose of providing against such contingencies that these things are required in probate proceedings, and the purchaser is entitled to have something upon which he can of right rely as a

protection. The whole matter of the estate still stands with no recital or finding as to the domestic condition of the testator, whether he was married, or has or has not left a widow surviving, and it requires no argument to demonstrate that a conveyance without some such showing in it, or upon which it rests, is not a good or sufficient conveyance.

As to the contention that we should consider that as done which ought to be done, and so assume what sort of decree will be entered in the county court, such rule is sometimes applied to prevent palpable injustice, but we have not known of its being used in aid of a plaintiff who in equity demands specific performance and is himself bound by the rule that, to entitle him to make such demand, he must show that he can perform fully on his part, and that he has been assiduous in the performance of his own contract obligations. We are impressed with the thought that neither this court nor the district court can authoritatively determine in advance what decree shall be entered in that matter in the county court. The county court is the court of original, exclusive and unimpaired jurisdiction in such matters, and may have before it different considerations than appear in this case.

It is also contended, principally upon the clause in the contract hereinbefore mentioned regarding interest after maturity upon the deferred payment, that the subsequent clause in the contract making time an essential element was waived; but it seems apparent from a reading of the provision that it was, by prescribing the highest lawful rate of interest, intended rather in the nature of a penalty against the payer to prevent his default, and does not indicate an intention to abrogate a subsequent clause deliberately inserted in the contract. To hold that such clause canceled the provisions of the subsequent one making time an essential element would be a strained construction. It is the duty of the court, where possible, to give effect to all the provisions of the contract. Neither are we convinced that, over defendant's objection, the trial

court could in effect properly make a new contract be-tween the parties directing performance upon an unascertained date some time subsequent to the date of decree, September 24, 1921, which itself is nearly seven months subsequent to the date fixed by the contract. No special equities are presented in behalf of either party. Specific performance is not a matter of legal right. The granting or the withholding of the remedy rests in the sound discretion of the court. The plaintiffs, if the contract is not performed, will still have their property. The defendants have never taken possession and no accounting in that regard will be necessary. In argument it was suggested that there has been a decline in the market value of land; but this is not presented by the record for our consideration. If plaintiffs had been assiduous to perform their contract and could have done so, having been advised of defendants' specific objections at least as early as the filing of answer in the case, they might during the pendency of the action from March to September have procured the further decree of the county court and, by supplemental proceedings, presented it to the district court at the time of trial. It is not even alleged in the pleadings in this case that Sullivan was in fact unmarried and left no widow surviving. Whatever may have been the fact as it was locally known or understood, or as it existed, it has not reached the record in this case, and we must determine these questions upon the record as it is before us. No equitable reason is presented why the plaintiffs should be permitted in September, 1921, to perform the contract and require performance from the defendants, and, so far as the record discloses, they are in no better position at this time. The plaintiffs having failed to show themselves entitled to specific performance, and the defendants, resting upon their contract rights, as they may lawfully do, are entitled to a decree canceling the sale contract and for the return to the defendants of the cash payment of $6,464, with 7 per cent. interest thereon

from September 24, 1921.

The judgment of the district court is reversed and the cause remanded, with directions to enter a decree in accordance herewith.

REVERSED.