CHARLES S. HAMILTON, APPELLEE, V. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, APPELLANT.

275 N. W. 863

FILED NOVEMBER 5, 1937. No. 30069.

*Gale E. Davis* and *Cleary, Horan & Skutt,* for appellant.

*Bernard R. Stone, Wear, Boland & Nye* and *George C. Pardee, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and CHAPPELL, District Judge.

GOSS, C. J.

Plaintiff had a verdict of a jury and a judgment in the lower court. Defendant appealed.

The action was based on an insurance policy "against loss of time on account of disease contracted during the term of this policy * * * subject, however, to all the provisions and limitations hereinafter contained." One of the provisions, plainly printed in the policy, said: "This policy does not cover death * * * or disability from any disease of organs which are not common to both sexes."

Under the allegations of his petition, plaintiff proved that the disease which caused his disability was gonorrhea. His physician also testified that plaintiff had gonorrhea; that he had an interior urethritis, a cystitis or inflammation of the bladder with infection of the seminal vessels, an enlarged prostate gland and bilateral epididymitis or

infection of the epididymii, lying in the upper part of the testicles. The evidence shows that plaintiff had what he described as a swelling of the penis and testicles and that he was given some medicine which was applied through the penis. His physician testified that he had a severe case, which resulted in septicemia or infection in the blood stream. In plaintiff's formal claim for benefits, he described the nature of his illness as "Infection of the sexual glands." In the statement of the attending physician, made on the other side of the same form to be used as a basis of the claim for payment, he described the disease as "Acute gonorrhea with prostatic abscess and bilateral epididymitis." The company was not advised by the information given them by either plaintiff or his physician on the claim blank that plaintiff had any bladder trouble or any infection of the blood stream.

The urethra is common to both sexes though it is much shorter in the female. The bladder and the blood stream are also common to both sexes. But the penis, the prostate gland, the testicles and the epididymii are peculiar to the male. Are the urethra, the bladder and the blood stream such "organs," possessed by both sexes, that we must by interpretation or construction bring the disability within the liability on the policy?

There is some claim on the part of plaintiff that the provision quoted in the first paragraph of this opinion requires the words "disability" or "disease" to be modified by the phrase "not common to both sexes," but we are clearly of the opinion that the word "are" makes that phrase referable to "organs." That is the only one of the three words that is plural and the verb is plural. The very evident meaning, therefore, is "organs which are not common to both sexes."

A health and accident insurance company may limit its liability in any reasonable manner and it may therefore exempt from liability diseases of organs not common to both sexes. *Stone v. Physicians Casualty Ass'n,* 130 Neb. 769, 266 N. W. 605.

The provision was the very first under the additional provisions, and was printed in leaded type. Its impression on a male layman would be strikingly indicative that it is intended to exempt from the liabilities of the policy a male insured who contracts gonorrhea, though it did not specify that term. Such an insured would naturally consider that any disease which would afflict him through his penis and its adjuncts would be exempt from liability under the policy because the same disease would begin its course in a female through her genital organs, which he would well understand were not "common" with his, though they have some of the functions similar or complementary to his. But the general understanding of the lay mind is that the male and female genital organs are "not common to both sexes." That both sexes have an urethra, both have a bladder and both have a blood stream, all of which may be ultimately affected, does not make the organs of plaintiff, which were primarily affected by the poisonous gonococci, and the genital organs of a female "common to both sexes."

The sense in which such contracts are to be interpreted by the courts is not the sense in which the scientist understands the terms, but the sense in which the average man understands them. In *Lewis v. Ocean Accident & Guarantee Corporation,* 224 N. Y. 18, 120 N. E. 56, 7 A. L. R. 1129, Judge Cardozo said: "To the scientist who traces the origin of disease, there may seem to be no accident in all this. * * * But our point of view in fixing the meaning of this contract must not be that of the scientist. It must be that of the average man. * * * This test—the one that is applied in the common speech of men—is also the test to be applied by courts."

In *Standard Life & Accident Ins. Co. v. McNulty* (8th C. C.) 157 Fed. 224, Sanborn, J., said: "Agreements of insurance are to be construed like other contracts, according to the sense and meaning of the terms which the parties use, taken in their plain and popular sense."

As average men, considering the contract of insurance

and taking the words of the provision in their plain and popular sense, we think there was no reasonable basis upon which the plaintiff might base a recovery for his disability.

Appellee cites *Mutual Benefit Health & Accident Ass'n v. Blaylock,* 163 Miss. 567, 143 So. 406, where a judgment against the same company as defendant here, on an apparently similar policy, was affirmed. In that case, however, the insurer had a "skin disease which could be contracted by any one on any part of the body." Thus it was held to be a disease of an organ common to both sexes. So the case is not in point.

Plaintiff did not prove any liability under the terms of the policy. The court erred in not sustaining defendant's request for an instructed verdict. The judgment is reversed and the trial court is directed to enter a judgment for defendant.

REVERSED.