GLENN E. SMITH ET AL., APPELLANTS, V. UNITED STATES
FIDELITY & GUARANTY COMPANY, APPELLEE.
6 N. W. (2d) 81
FILED OCTOBER 30, 1942.   No. 31408.

*Baylor, Tou Velle & Healey,* for appellants.

*Cline, Williams & Wright, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-
MORE and YEAGER, JJ.

EBERLY, J.

This is an action by the Glenn E. Smith Company, a co-
partnership, as plaintiffs, to recover from the United States
Fidelity & Guaranty Company expenses of litigation, in-
cluding attorney's fees, incurred in defending a civil action
brought against such Smith company and others in the dis-
trict court for Burt county, Nebraska, by one Dollie Spiel-
man. This present suit is based upon a contractors' public
liability policy issued by the defendant insurance company
to plaintiffs, and the determining question is whether the
cause of action set forth in plaintiffs' petition is within the
coverage of this policy as defined by its terms. The judg-
ment of the district court was adverse to the contention of
plaintiffs, and they appeal.

The applicable provisions of the instrument in suit, so far
as relate to the present controversy, include the following:

"No. PC 13279. United States Fidelity and Guaranty
Company, Baltimore, Maryland. A stock company (herein-
after called the company).

"In consideration of the premium and of the statements
which are set forth in the Schedule of Statements, does here-
by agree with the Assured named in the Schedule of State-
ments as follows:

"Agreements. *Insurance Provided.* I. To settle and/or
defend in the manner hereinafter set forth all claims result-
ing from liability imposed upon the Assured by law for
damages on account of bodily injuries, including death at
any time resulting therefrom, accidentally suffered or al-
leged to have been suffered within the policy period defined
in Statement 2 by any person or persons other than em-

ployees of the Assured, by reason of and during the progress of the work described in Statement 4 at the places named therein and elsewhere, if caused by employees of the Assured engaged as such in said operations at said places; but who are required in the discharge of their duties to be from time to time at other places, except driving or using any vehicle or automobile or any draught animal or loading or unloading any such vehicle.

"*Defense.* II. To defend in the name and on behalf of the Assured any suit brought against the Assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons other than employees of the Assured. * * *

"The foregoing agreements are subject to the following conditions:

"*Exclusions. Condition A.* This policy shall not cover loss from liability for, or any suit based on, injuries or death: * * * (4) Caused by accidents occurring after the final completion of the work performed by the Assured at the place of occurrence of such accidents."

"The policy period" defined in "Statement 2" as referred to in "Agreements I" above set forth, expressly refers to Item 2 of the "Schedule of Statements" contained in the policy in suit, which expressly provides:

"Item 2. The policy period (unless sooner terminated by cancelation) shall be from June 20, 1934, to June 20, 1935, at twelve and one minute o'clock a. m. standard time at the Assured's address."

The evidence in the record discloses that Glenn E. Smith and Phil K. Smith, plaintiffs, were and are copartners engaged in the contracting business in Lincoln, Nebraska, in the name of the Glenn E. Smith Company, and that neither of such Smiths is a resident of Burt county in this state. The United States Fidelity & Guaranty Company is a foreign corporation, legally engaged in the insurance business in the state of Nebraska. For several years prior to June

20, 1934, the defendant company had issued to the plaintiffs annually a policy of insurance, commonly known as a "Contractors' Public Liability Policy." On June 20, 1934, the defendant company issued to the plaintiffs, as copartners, the policy here in suit. From this policy we have quoted, as applicable to this controversy, the provisions hereinbefore set forth.

It appears that plaintiffs Smith and E. J. Wilson & Sons entered into separate, independent, and unrelated contracts with the department of roads and irrigation of the state of Nebraska on October 1, 1934, in connection with a public road project in Burt county, Nebraska. Under the terms of these contracts plaintiffs Smith were to install culverts and Wilson & Sons were to do the grading. Plaintiffs Smith entered upon the work specified in their contract with the state on October 8, 1934, completed it, and moved all equipment owned or used by them from this job before December 31, 1934, and the work performed by them was duly approved and accepted by the state, and they received the final payment for the work performed and completed by them on April 18, 1935. On May 1, 1935, Dollie Spielman, riding in an automobile over the road grade in the public highway and across and over a culvert therein situated, all of which being within the "project" to which the several contracts of the parties hereinbefore set forth related, claimed to have received injuries by reason of the dangerous construction thereof, and sued the plaintiffs Smith, copartners doing business as the Glenn E. Smith Company, and Wilson & Sons, jointly, in the district court for Burt county. The only service of process upon the Smiths attempted was made outside of Burt county, and in Lancaster county, Nebraska. The validity of this service was challenged by the Smiths by special appearance, based on the claim of improper joinder, and alleging that there was no joint liability with the other defendants in the case. The special appearance thus made was first overruled by the trial court. It was preserved in their answer, however, and upon a later hearing on the merits it was determined by the district court for Burt

county in favor of the Glenn E. Smith Company; that court finally adjudging, "that the motion of the defendants Glenn E. Smith Company should be and the same hereby is sustained, finds that service on the defendants Glenn E. Smith and Company in Lancaster county, Nebraska, is void and without jurisdiction, and that the court has no jurisdiction." The court's final determination being that it was without jurisdiction, its first or interlocutory judgment overruling the challenge thereto by special appearance may not be made the basis of a claim of *res judicata.* It is only the final judgment of a court of competent jurisdiction that affords a just basis for that contention. "It is essential to the operation of the rule of *res judicata* that a competent tribunal possessing the requisite jurisdiction has, by final judgment between the same parties or their privies, adjudicated the identical point or question in issue." 23 Standard Ency. of Procedure, 11.

The plaintiffs Smith, after the institution of the Spielman suit against them in Burt county, Nebraska, in which they were named as defendants, made due demand upon the United States Fidelity & Guaranty Company that it defend them as required by the terms of policy No. PC 13279 theretofore issued to them. This the insurance company refused to do, claiming that there was no coverage due to the fact that the Spielman accident which happened on May 1, 1935, had not occurred during the "progress of the work" as stipulated in *"Condition A (4)"* above quoted.

In consideration of the questions presented by the present record, it is to be remembered that an insurance policy is a contract. *Stephenson v. Germania Fire Ins. Co.,* 100 Neb. 456, 160 N. W. 962. Where there is no uncertainty as to its meaning and the same is legal and not opposed to public policy, an insurance contract will be enforced as it is made. *Cilek v. New York Life Ins. Co.,* 95 Neb. 274, 145 N. W. 693. See, also, *Stephenson v. Germania Fire Ins. Co., supra; Hamblin v. Equitable Life Assurance Society,* 124 Neb. 841, 248 N. W. 397; *Himelbloom v. Metropolitan Life Ins. Co.,* 128 Neb. 52, 257 N. W. 525; *Rye v. New York Life Ins. Co.,* 88 Neb. 707, 130 N. W. 434.

And in construing terms used in a policy of insurance, they are to be taken in their plain, ordinary sense. *Hamilton v. Mutual Benefit Health & Accident Ass'n*, 133 Neb. 464, 275 N. W. 863.

So, also, in construing a written instrument for the purpose of ascertaining the intention of the parties, resort must be had to the instrument as a whole and, if possible, effect must be given to every part thereof. *Turner v. City of Fremont*, 159 Fed. 221, affirmed in 170 Fed. 259. See, also, *Lawton v. Fonner*, 59 Neb. 214, 80 N. W. 808; *McGavock v. Omaha Nat. Bank*, 64 Neb. 440, 90 N. W. 230. For it is the duty of the court, if possible, to give effect to all the provisions of a contract. *Wilson v. Perry*, 110 Neb. 535, 194 N. W. 455.

The unquestioned rule is, "A writing is interpreted as a whole and all writings forming part of the same transaction are interpreted together." 1 Restatement, Contracts, sec. 235.

In this connection, it must also be admitted that the parties to a contract of insurance may contract for any lawful coverage. An insurance company has the right to limit its liability and to impose restrictions and conditions upon its contractual obligations not inconsistent with public policy. 1 Couch, Cyc. of Ins. Law, sec. 57; *Cosgrove v. National Casualty Co.*, 177 Wash. 211, 31 Pac. (2d) 80.

In the examination of the first clause of the policy heretofore quoted, we note the presence of the words, "or defend in the manner hereinafter set forth," found in "Agreements. *Insurance Provided.* I," and fairly comprised and included therein by express reference are the subsequent provisions of the policy contained in "Agreements. *Defense.* II" and in *"Exclusions. Condition A."* When these three paragraphs are read together as connected parts of the same instrument, as required by the authorities hereinbefore cited, it is plain that this policy of insurance we are examining contains neither ambiguity, uncertainty, nor inconsistency. The language of this contract, considered as an entirety and taken in its plain, ordinary sense, clearly expressed the

agreement of the parties thereto, that the insurance provided therein, including the duty of the insurer to defend against a claim "whether groundless or not," does not contemplate or require the defense of a claim against the assured by the insurer, "resulting from liability imposed upon the Assured by law for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered within the policy period," when such causative accident did not occur or is not claimed to have occurred "during the progress of the work." It is unquestioned in the record that the contract of the Glenn E. Smith Company, a copartnership, with the department of roads and irrigation of the state of Nebraska, in connection with a road project in Burt county, Nebraska, was entered into October 1, 1934, which specified the work to be performed by the Smiths thereunder, and the insurance policy in suit was obtained to cover the requirement of the statute relating to the making of this public improvement. The uncontradicted evidence also discloses that this contracted work was entirely accomplished and completed by the Smith company and all property owned or used by that company in connection therewith was removed from the "project" and from Burt county, Nebraska, before December 31, 1934. It is also fairly established that this construction and work by the Smith company, so completed, furnished and performed by them, had been inspected, approved, delivered to, and accepted by the agency of the state of Nebraska above named prior to the 31st day of December, 1934, and the final and complete payment therefor had been made on April 18, 1935. The accident alleged by Dollie Spielman admittedly occurred on May 1, 1935. It is obvious, therefore, that the claim for damages on account of bodily injuries accidentally suffered by Dollie Spielman had not occurred during the "progress of the work" which had been fully performed and completed by the Glenn E. Smith Company long prior to the date the accident complained of had been sustained. The damages claimed by her were, therefore, not within the coverage provided for by the pol-

icy in suit and no recovery can be sustained thereon against the United States Fidelity & Guaranty Company.

This conclusion, in view of all the circumstances involved in this case, is quite in harmony with the well-established principle applicable to the class of litigation here under consideration that an insurer is under no obligation to defend a groundless case against the insured when it would not be liable under its contract for any recovery had therein. *Pickens v. Maryland Casualty Co.*, 141 Neb. 105, 2 N. W. (2d) 593; *Kelly-Dempsey & Co. v. Century Indemnity Co.*, 77 Fed. (2d) 85; *Ocean Accident & Guarantee Corporation v. Washington Brick & Terra Cotta Co.*, 148 Va. 829, 139 S. E. 513; *Morgan v. New York Casualty Co.*, 54 Ga. App. 620, 188 S. E. 581; *Treadwell Co. v. United States Fidelity & Guaranty Co.*, 275 N. Y. 158, 9 N. E. (2d) 818; *United States Fidelity & Guaranty Co. v. Baldwin Motor Co.*, 34 S. W. (2d) (Tex. Com. App.) 815; *Texas Indemnity Ins. Co. v. McLelland*, 80 S. W. (2d) (Tex. Civ. App.) 1101; *Mitzner v. Fidelity & Casualty Co.*, 94 Ind. App. 362, 154 N. E. 881; *United Waste Mfg. Co. v. Maryland Casualty Co.*, 85 Misc. 539, 148 N. Y. Supp. 852; *Kramarczyk v. Jontz*, 282 Mich. 208, 275 N. W. 822; *Daniel v. State Farm Mutual Ins. Co.*, 233 Mo. App. 1081, 130 S. W. (2d) 244; *American Mutual Liability Ins. Co. v. Chadosh*, 123 N. J. Law, 81, 8 Atl. (2d) 64.

Appellants also in their brief question "whether the policy (in the instant case) is to be construed in accordance with the desire of the insured for coverage as expressed by them to the insurer's agent." The question propounded is fully answered by well-established rules of the common law, in effect, that when "any contract, agreement, or undertaking has been reduced to writing, and is evidenced by a document or series of documents, the contents of such documents cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence." 22 C. J. 1070. See, also, *Waters v. Phelps*, 81 Neb. 674, 116 N. W. 783; *Gandy v. Wiltse*, 79 Neb. 280, 112 N. W. 569; *Apking v. Hoefer*, 74 Neb. 325, 104 N. W. 177.

In a case where the question involved was similar to that here presented, this court announced as the controlling principle that, "Where a contractual relation exists by virtue of a written contract expressed in clear and unambiguous language, the court will not look further to construe it." *Farmers Educational and Cooperative Union v. Farmers Educational and Cooperative State Union*, 133 Neb. 397, 275 N. W. 464.

It is only in connection with the attempt on part of plaintiff to secure a reformation of the policy in suit that the subject of parol evidence becomes material. However, here fraud is not alleged by the plaintiffs as ground for this relief. Plaintiffs' claim for reformation is predicated solely on alleged "mistake." This, the evidence adduced in this case wholly fails to establish. A preponderance of evidence sufficient to justify reformation of a contract in writing on the ground of mutual mistake requires proof that is clear, convincing and satisfactory (*Paine-Fishburn Granite Co. v. Reynoldson*, 115 Neb. 520, 213 N. W. 750), and must establish that the mutual mistake involved is common to both parties, each laboring under the same misconception. *Paine-Fishburn Granite Co. v. Reynoldson, supra;* 2 Cooley, Briefs on Insurance (2d ed.) 1429; 23 R. C. L. 365, sec. 65.

On this subject, in the class of cases under consideration, well-considered cases have determined that, in an action for reformation, where fraud was not alleged or proved, where the policy issued was the only one the agent intended to issue and was the standard form of policy and the only one he had authority to issue, this shows that there was no meeting of minds in an antecedent agreement necessary for reformation. *Kelly-Dempsey & Co. v. Century Indemnity Co.*, 77 Fed. (2d) 85.

A consideration of all the evidence in the record before us sustains the conclusion that the cause of action set forth in plaintiffs' petition is not within the coverage of the policy sued upon and that they are not entitled to a reformation thereof.

The judgment of the district court is, therefore, correct, and it is

AFFIRMED.