RUTH MARCELLA MASON, APPELLEE, v. AVERY J. MASON, APPELLANT.

56 N. W. 2d 614

Filed January 16, 1953. No. 33234.

*John E. Mekota,* for appellant.

*Gerald J. Hallstead* and *Davis, Stubbs & Healey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On October 16, 1946, in an action for divorce wherein Ruth Marcella Mason was plaintiff and Avery J. Mason was defendant, a decree of divorce was entered in favor of the plaintiff. Prior to the entry of the decree a written agreement was entered into containing a settlement of property rights and all matters as to future rights and obligations as between the parties, and as to duties and obligations in relation to the then minor children of the parties. There were two children and they were then of the age of 16 years. They attained the age of 21 years May 13, 1951. This agreement was made a part of the decree and the terms approved by the decree.

On or about December 31, 1951, the defendant filed in that action what has been termed an application for order to satisfy the decree. In the application he sets forth that he has complied with all of the requirements of the agreement and the decree, and he asks that the plaintiff be ordered to enter satisfaction thereof or in the alternative that an order be entered by the court satisfying the decree. The relief prayed was denied, whereupon a motion for new trial was overruled. From the order denying relief and the order overruling the motion for a new trial the defendant has appealed. Hereinafter the defendant will be referred to as appellant and the plaintiff as appellee.

The agreement is of great length but all of its provisions do not require consideration. The meaning and effect of the first provision to be considered is that of paragraph 5e, the pertinent part of which is as follows:

"The Husband shall retain ownership of the real property described as the south 33 feet of Lot 5, and all of Lot 6, in Block 109, in the City of Crete, Saline County, Nebraska, now held in his name. The Wife shall have the right to occupy said premises, without any obligation

to pay rent or other remuneration to the Husband therefor, so long as said Children, or either of them, shall remain unmarried and the Wife shall maintain a home for said Children, or either of them, in said premises. * * * If, while maintaining such home for said Children, or either of them, and thus entitled to the rent-free occupancy of said premises according to the terms hereof, the Wife shall prefer to vacate said premises and occupy other premises or living quarters, the Husband shall, in lieu of the free occupancy of said premises, pay to the Wife, in addition to the payments otherwise provided for herein, the following sums:   (a) The sum of $30.00 per month while said home shall be maintained at Crete, Nebraska; (b) The sum of $40.00 per month while said home shall be maintained elsewhere than at Crete, Nebraska.   The rent-free occupancy of said premises, or the alternative provisions herein made for maintaining said home elsewhere shall cease and terminate in the event of the remarriage of said Wife; * * *."

The substantial contention of the appellant in relation to this provision is that he became released from the entire obligation of this provision when the children became self-supporting or attained the age of 21.

Paragraph 10 imposes a lien upon the real estate described in paragraph 5e for the enforcement of the obligations of the paragraph and other obligations of the agreement.

The appellant further contends that with the release of the obligations the lien became extinguished.   The appellee contends that she is entitled to the benefit of the provision so long as she remains unmarried and so long as one or both of the children, regardless of age, remains unmarried and she shall maintain a home for such child or children.

Factually, at the time of the trial appellee had not remarried and one of the children was unmarried.   Appellee had left the described property but was maintaining a home for the daughter in Crete, Nebraska.

The daughter at the time was a graduate nurse and gainfully employed but she was living in the home maintained by the appellee for the two of them.

This provision of the agreement as to its obligation is full, complete, and unambiguous, and contains conditions for its discontinuance. This being true the court may not look further for the meaning of the provision. The rule is well stated in Hompes v. B. F. Goodrich Co., 137 Neb. 84, 288 N. W. 367, as follows: "A written contract, if couched in clear, unambiguous language, is not subject to construction. The intent of the parties to such a contract must be deduced from the language used." See, also, Smith v. United States Fidelity & Guaranty Co., 142 Neb. 321, 6 N. W. 2d 81; Mutual Benefit Health & Accident Assn. v. Milder, 152 Neb. 519, 41 N. W. 2d 780.

The conditions which would bring relief from paragraph 5e and the related paragraph 10 have not come to pass, therefore the application as to them must be denied.

It is to be observed that the appellant in nowise seeks anything in the nature of reformation or modification as to these or any other provisions of the agreement as is disclosed by the following from the bill of exceptions: "The Court: You are not asking for modification? Mr. Mekota: I am not asking for modification. May I state that my theory is that the decree has been complied with?"

Another provision which is brought into question is paragraph 7 of the agreement. Paragraph 10 is designed in part to guarantee enforcement of the obligations of paragraph 7. Paragraph 7 is as follows:

"In addition to the payments otherwise provided for herein, the Husband shall, at his own expense, pay all medical, surgical, dental, optometrical, nursing, and hospital expenses for the Wife and Children, reasonably incurred or reasonably necessary to protect and preserve the health, welfare, and well-being of the Wife and Children, said obligation to continue until the Wife re-

marries or dies, and until the Children attain the age of 21 years, or die, marry, or become wholly self-supporting prior to attaining the age of 21 years; * * *."

It is to be observed that in this paragraph two obligations are involved, one to the wife and another to the children. The one to the wife extends until the wife shall remarry or die. Neither of these eventualities has come about. The one to the children extends until they attain the age of 21 years, die, marry, or become wholly self-supporting. At the time of trial both were 21 years of age, one had married, and the other on the basis of evidence of employment and income must be said to have become wholly self-supporting.

No obligation therefore remained at the time of trial as to the children. The obligation as to the wife on the other hand has remained as it was from the date of entry of the decree. However, by the specific terms of paragraph 10, the lien upon the property described in paragraph 5e does not attach or apply to the obligations accruing under paragraph 7 after August 1951. Therefore the obligation of paragraph 7 remained, but the security of paragraph 10 did not apply to any part of the obligation accruing under paragraph 7 after August 1951.

The next provision to which attention is directed is 6e of the agreement, as follows:

"In addition to the foregoing, the Husband shall defray all expenditures in connection with the support, maintenance, and education of said Children, or either of them, beyond high school, and upon the Husband assuming and discharging this obligation the payments provided for in subdivision b hereof shall cease and terminate as to such Child, or both of them, during the period or periods such Children, or either of them, are so being supported, maintained, and further educated by the Husband. The amount of such expenditures for support, maintenance, and further education to be defrayed and paid by the Husband shall depend upon the financial resources of the Husband at the time, and

shall be mutually agreed upon by the parties, it being the intention and desire of the Husband to provide the Children, or either of them, with such further education as his financial resources will permit; * * *."

This provision relates to support, maintenance, and education of the children after completion of high school. The expenditures contemplated depend upon two conditions, namely, the financial resources of the appellant, and mutual agreement of appellant and appellee.

The record makes no disclosure as to the financial resources of appellant and likewise it fails to disclose any mutual agreement of the parties.

The record does disclose that appellant paid all expenses which were or could be contemplated by this provision except an item of $45 for eye-glasses and $96.09 for clothes for the unmarried daughter. These items were purchased by her after she attained the age of 21 years.

It is contended that this paragraph embraces educational expense after high school whether before or after attaining the age of 21 years and that on that account the provision requires payment by appellant. This question does not call for determination here since the provision as already pointed out imposes no obligation in the absence of mutual agreement on the part of appellant and appellee.

The four provisions referred to and considered form the basis of the defense to appellant's application to have the decree satisfied. There is no contention here that the remaining provisions have not been fully complied with.

It follows therefore from what has been said herein that the appellant is not entitled to have his application sustained and the district court correctly denied the application.

There are, however, in the journal entry or decree of the district court findings and conclusions inconsistent and in conflict with the findings and conclusions of this

opinion, therefore, the denial of the application of appellant to have satisfied the divorce decree is affirmed in accordance with the findings and conclusions herein.

An attorney's fee is allowed to appellee for her attorneys in the amount of $250.

AFFIRMED.